## EDELIN *v.* LYON.

RULES OF COURT; EQUITY PRACTICE; APPEALABLE ORDERS.

1. The long-standing practice of chancery requires that every disclaimer, as well as plea, shall be accompanied by an answer whenever fraud and combination are charged; and the Equity rules of the Supreme Court of the District of Columbia on that subject only affirm the practice.
2. A complainant cannot be deemed to admit the truth and sufficiency of a disclaimer by his failure to reply to it or set it down for hearing, when such disclaimer is unsupported by an answer.
3. An order overruling a plea or demurrer to a bill in equity, with leave to answer, is not an order involving the merits of the action, within the meaning of Sec. 772, R. S. D. C., and such an order was, therefore, not appealable from a special term of the Supreme Court of the District of Columbia to the general term of that court.

No. 54. Submitted June 12, 1893.—Decided September 5, 1893.

HEARING on appeal from an order of an equity term of the Supreme Court of the District of Columbia, overruling a disclaimer as insufficient. *Appeal dismissed.*

The facts are stated in the opinion.

*Mr. Marion Dorian* for the appellant.

*Mr. Woodbury Wheeler* for the appellee.

Mr. Justice Morris delivered the opinion of the court:

This is a suit instituted by Mary Lavinia Edelin as complainant, to vacate two deeds, one a deed of trust to one Brown, as trustee, to secure an indebtedness of $250 to Isaac S. Lyon, and the other a deed in fee from the complainant to Lyon, both alleged to have been procured from the complainant by the fraud and artifice of John H. Adriaans, acting as the agent of Lyon. The defendants demurred to the bill, Brown and Adriaans joining in one demurrer, and Lyon filing his separate demurrer. Both demurrers were identical, and were based upon the ground that the defendants were neither necessary nor proper parties. In argument it was erroneously stated that the demurrers were for multifariousness. These demurrers were overruled. From the orders overruling them all the defendants appealed. Brown and Adriaans, however, did not take their appeal to the General Term; but stipulated in the order book that they would abide by the decision in Lyon's appeal. Lyon failed to prosecute his appeal, and it was dismissed. Then Brown and Adriaans asked to have their appeal substituted in the place of that of Lyon. This the court refused to permit. The appeals being thus all disposed of, the defendant Adriaans, after the lapse of some time, filed a paper purporting to be a disclaimer of any beneficial interest in the promissory note secured by the deed of trust mentioned in the bill, and also an allegation of the payment of this note and a release of the trust since the commencement of the suit. The paper was filed on February 20, 1892. Brown interposed no defense, nor did Lyon interpose any at this time, although he afterwards (on March 14, 1892) filed an answer.

The first day of March, 1892, was the next rule day after the filing of the alleged disclaimer by Adriaans. On March

3, 1892, complainant's counsel filed a motion for a decree *pro confesso* against the defendants, notwithstanding the plea or disclaimer of Adriaans, alleging in his motion that the plea or disclaimer was no defense to the bill, and was not supported by an answer, in accordance with the requirements of the equity rules of the Supreme Court of the District of Columbia. On the next day (March 4, 1892) Adriaans filed a motion to dismiss the bill as to him, for the reason that the complainant, by failure to reply to the plea of disclaimer, or to set it down for hearing, had admitted its truth and sufficiency. Both of these motions came up for hearing on March 9, 1892; and on that day the court made an order overruling the plea or disclaimer as insufficient, and refusing to dismiss the bill as to Adriaans; and in the order the defendants were given ten days in which to answer. Lyon, as already stated, answered on March 14, 1892; Brown, it seems, failed to answer; and Adriaans appealed; and it is this appeal that is now before us.

It is very plain, upon the statement of the case, that this appeal ought not to be sustained; and were it not that there is a question of practice involved that may be of general interest, we would dismiss the appeal as both frivolous and vexatious, without further comment upon it.

The rules of the Supreme Court of the District of Columbia which are referred to in this case are these, from the Equity Rules:

Rule 27. " The defendant may, at any time before the bill is taken as confessed, or afterwards with the leave of the court, demur or plead to the whole bill, or to part of it; and he may demur to part, plead to part, and answer as to the residue; but, in every case in which the bill specially charges fraud or combination, a plea to such part must be accompanied with an answer fortifying the plea and explicitly denying the fraud and combination and the facts on which the charge is founded."

Rule 31. " If the plaintiff shall not reply to a plea, or shall not set down a plea or demurrer for argument, on the next

rule day (provided the same is filed five days before the commencement of the term), he shall be deemed to admit the truth and sufficiency thereof."

Now, the defendant Adriaans claims that, because his disclaimer, which was filed more than five days before the commencement of the term, was not replied to or set down for argument on the rule day of that term, the complainant thereby admitted its truth and sufficiency, and the court thereafter was without jurisdiction to pass upon it.

It may be questioned whether a disclaimer is a plea in the proper sense of the term. But whether it is a plea, or whether it is not a plea, it is equally unavailing to the defendant in this case. If it is not a plea, it is not entitled to the efficacy assumed to be given by Rule 31, above quoted, to pleas; for the rule gives that efficacy, if at all, only to pleas and demurrers, and not to disclaimers, if we assume the disclaimer not to be a plea. If, on the other hand, the disclaimer is to be regarded as a plea in the sense of Rule 31, it must be regarded as equally so in the sense of Rule 27; and a paper purporting to be a plea under Rule 27, but defective, because not accompanied by an answer as required by Rule 27, is not entitled to the efficacy claimed for it under Rule 31. These rules only embody the long standing practice and usage of chancery, and this same usage requires that disclaimers, as well as pleas, should be accompanied by an answer, whenever fraud and combination are charged. Daniel's Chancery, 808.

The complainant, therefore, cannot be deemed to have admitted the truth or sufficiency of the alleged disclaimer in this case by his failure to reply to it or to set it down for hearing. And when the disclaimer did come up for consideration by the court, when the motions of the complainant and defendant Adriaans based upon it came up for consideration, it was very properly disallowed as insufficient. It was insufficient, because unaccompanied by an answer, and insufficient, because it did not amount to a disclaimer of interest in the subject matter of the suit. It was, moreover,

reprehensible as an improper pleading in the joinder of two distinct and totally independent statements in one paper of the character or nature of a plea. It is none of the business of a party disclaiming interest whether a note in controversy has been paid or not.

But another and more serious objection to our entertaining the appeal in this case is, that the order appealed from is not an appealable order. The appeal is taken in supposed pursuance of Section 772 of the Revised Statutes of the United States for the District of Columbia, whereby it is provided that "any party aggrieved by any order, judgment or decree, made or pronounced at any special term, may, if the same involve the merits of the action or proceeding, appeal therefrom to the general term of the Supreme Court (of the District of Columbia); and, upon such appeal, the general term shall review such order, judgment or decree, and affirm, reverse, or modify the same, as shall be just."

The language used here, that if the order involves the merits of the proceedings, an appeal will lie, has, by its indefiniteness, given rise to much controversy. Fortunately, by the legislation establishing the Court of Appeals, it has disappeared from the statute book. Vague, however, as the words are, it is very plain that it was never intended by them to allow appeals indiscriminately from all interlocutory orders and decrees; and yet there are a great many interlocutory orders and decrees that affect and it may be even involve, the merits of the proceeding. The orders and decrees referred to in the act are only those that have some degree of finality about them, and which will put an end to the controversy, unless they are vacated or reversed. An order overruling a plea or demurrer, with leave to the ·party to answer, is not such a final order. It is still open to the party to make his whole defense by answer, and even to make in the answer the defense which he might have made by plea or demurrer.

The appeal is *dismissed with costs*, and the case is remanded to the special term, to proceed therein according to law.