## FIDELITY STORAGE CO. et al. v. JAQUES.
### No. 5560.

Court of Appeals of the District of Columbia.

Argued Nov. 3, 1932.

Decided Dec. 12, 1932.

C. H. Merillat, of Washington, D. C., for appellants.

E. Hilton Jackson and G. L. Munter, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellee, plaintiff below, stored her household goods and personal effects with the defendant Fidelity Storage Company. Through defendants Karrick and Plager, persons connected and associated with the storage company, plaintiff secured two loans, one for $100 and one for $500, for which she gave her notes secured by a chattel mortgage on the property stored.

The bill charges that the goods were sold to satisfy the mortgage without notice to her and without any due notice of sale, and that the disposition of the property was conducted in such manner as to constitute a fraud. The prayer is that the defendants be compelled to furnish a correct list and inventory of the property taken; that they be required to give a full and complete accounting of the sale; that they be required to surrender any of the property still in their possession; and for damages.

On the completion of the trial below, the court entered a decree declaring null and void the sale; and, in the event that the property is no longer in the possession of the defendants, that plaintiff recover from the defend-

ants or each of them the fair market value of said goods; and that defendants be credited with a loan of $600 to the plaintiff, together with interest thereon and storage charges from October 28 to November 5, 1925. By the decree it was "further ordered that this cause be and the same is hereby referred to the auditor to fix the amount of the liability of the defendants and each of them in accordance with this decree, and amended and substituted findings of fact, conclusions of law, and opinion of this court, dated June 16, 1931, and filed in this cause, and that costs of this cause to date be and the same hereby are adjudged against the defendants hereto and each of them, same to be taxed by the clerk."

Appellants are here met with a motion to dismiss the appeal for lack of jurisdiction. On the question of jurisdiction, the case is analogous to and ruled by the decision of this court in the case of United States ex rel. Philips et al. v. Bailey, Justice, 57 App. D. C. 287, 22 F.(2d) 715, 716. In that case findings were made by the court similar to those contained in the decree in the present case, and the case was then referred by the court to the auditor to determine the amounts due and for which the defendants were liable. The action in that case was for mandamus to compel the court below to fix an appeal bond which the court had refused on the ground that appeal would not lie from the decree entered.

This court, speaking through Mr. Chief Justice Martin, said: "We agree with the opinion of the trial justice that the decree is not final, and therefore not appealable, for it does not dispose of the issues presented by the pleadings, but reserves various of them for subsequent judicial examination and decision. Among these is the final accounting, as prayed for in the petition, to ascertain the several amounts for which the respective defendants are liable. At present no execution can issue against any of the defendants, for the record does not disclose the amount of the liability of any defendant. The court has entered a partial finding of facts and conclusions to serve as a basis in ascertaining such amounts, but no final determination of them has yet been made."

[redacted] The present case meets every objection outlined in our former decision. The matter of final accounting has been referred to the auditor. The ascertainment of amount due from each defendant has likewise been referred. The decree as it stands is not one upon which execution could issue. Neither can appellants find relief in the right of appeal from an interlocutory order involving a change of the possession of property. D. C. Code, § 226 (D. C. Code 1929, T. 18, § 26). No receiver has been appointed, and the possession of the property in question has not been changed in the least by this decree. The whole case stands in status quo awaiting the report of the auditor and the further and final decree of the court based upon that report.

The motion to dismiss the appeal is sustained, with costs.