## FIDELITY STORAGE CO. et al. v. JAQUES.

### No. 6263.

United States Court of Appeals for the District of Columbia.

Argued Jan. 8, 1935.

Decided Feb. 11, 1935.

C. H. Merillat, of Washington, D. C., for appellants.

W. W. Millan, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and HITZ, Associate Justices.

VAN ORSDEL, Associate Justice.

This case was here on a former appeal, Fidelity Storage Company et al. v. Jaques, 61 App. D. C. 337, 62 F.(2d) 876, where a decree based on a finding of fact was entered. `

Briefly, the Fidelity Storage Company, through David B. Karrick and Harry S. Plager, persons connected and associated with the storage company, loaned to appellee, plaintiff below, $600, for which plaintiff gave two notes, one for $100 and one for $500. These notes were collaterally secured by certain household goods stored by plaintiff with the storage company. The court in that case found that ten days after the maturity of the notes, without notice to the plaintiff, or public notice of any kind, the goods were sold and purchased by Plager for an amount barely sufficient to satisfy the notes. The court found that the sale was null and void; and that, in the event the property was no longer in the possession of the defendants and capable of being returned to plaintiff, plaintiff recover from defendants the fair market value of the goods; and that defendants be credited with the amount of the loan of $600, together with interest thereon, and storage charges from October 28 to November 5, 1925. The court then referred the case to the auditor to fix the value of the goods and the amount of the liabilities, if any, of the defendants and each of them in accordance with the decree. From that order an appeal was taken, which was here dismissed on the ground that it was not a final order from which appeal could be taken.

The case went back to the court below, and the auditor made his finding, under the order of reference, fixing the value of the goods at $2,000, and finding a balance due the plaintiff of $1,395.33. For this amount judgment was entered, and from the judgment this appeal was taken.

We find it unnecessary to review the voluminous record, since, from a careful examination thereof, we are satisfied that the court below reached a proper conclusion in finding, from the evidence, that the sale was void. On the facts established, the law of the case is ruled by Ohio National Bank v. Central Const. Co., 17 App. D. C. 524.

In Richardson v. Van Auken, 5 App. D. C. 209, 213, the court, considering the binding effect upon the appellate court of the findings of a master or auditor, when concurred in by the court below, said: "This rule requiring exceptions to be specific and definite in pointing out the supposed errors in the report, has a close logical relation to another rule of practice equally well established, and that is, that the findings of a master or an auditor, concurred in by the court below, are to be taken as presumptive-

428

ly correct, and will be permitted to stand, unless some obvious error has intervened in the application of the law, or the principles of the decree under which he acts, or some important mistake has been made in the evidence, and which has been clearly pointed out and made manifest. This rule has been repeatedly affirmed by the Supreme Court of the United States, and is one of general application in the equity practice, both in the Federal and State courts of the country. Tilghman v. Proctor, 125 U. S. 136 [8 S. Ct. 894, 31 L. Ed. 664]; Evans v. State Nat. Bank, 141 U. S. 107 [11 S. Ct. 885, 35 L. Ed. 654]; Crawford v. Neal, 144 U. S. 585 [12 S. Ct. 759, 36 L. Ed. 552]; Furrer v. Ferris, 145 U. S. 132 [2 S. Ct. 821, 36 L. Ed. 649]."

Applying this rule to the instant case, we find no mistake in the evidence or error of law which would justify a reversal of the decree.

The decree is affirmed, with costs.