**BROWN et al. v. RANDLE & GARVIN, Inc., et al.**

**No. 53.**

Municipal Court of Appeals for the District of Columbia.

March 8, 1943.

Charles W. Proctor, of Washington, D. C. (Henry S. Goodman, both of Washington, D. C., on the brief), for appellants.

Vernon E. West, Principal Asst. Corp. Counsel, of Washington, D. C. (Richmond B. Keech, Corp. Counsel, and Irving Bryan, Asst. Corp. Counsel, both of Washington, D. C., on the brief), for appellee District of Columbia.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Appellee, District of Columbia, has moved to dismiss the appeal and we heard argument on the motion in order to determine whether we had jurisdiction.

Five suits were filed by different plaintiffs against Randle & Garvin, Inc., and the District of Columbia, claiming damages for improper sewer repairs. The claims ranged from $652.50 to $1,190.51. The five cases were consolidated by consent. Included in each claim was an item for "annoyance, inconvenience and mental suffering, $500". In each case defendant, District of Columbia, moved to strike this last item from the complaint and bill of particulars. Defendant Randle & Garvin made no such motion. The trial court granted the motion and struck the $500 item from each case "as to the District of Columbia only". The five plaintiffs joined in one appeal to this court to review that order. The question before us is whether the orders were appealable.

■ Unlike the U. S. Court of Appeals for this District,[1] we have no power to entertain special appeals nor discretionary power with reference to interlocutory orders. Our statute[2] provides: "Sec. 7(a) Any party aggrieved by any final order or judgment of The Municipal Court for the District of Columbia, as created by this Act, or of the Juvenile Court of the District of Columbia, may appeal therefrom as of right to The Municipal Court of Appeals for the District of Columbia. Appeals may also be taken to said court as of right from all interlocutory orders of The Municipal Court for the District of Columbia whereby the possession of property is changed or affected such as orders dissolving writs of attachment and the like".

■ The orders appealed from are obviously not included in the language, "interlocutory orders * * * whereby the possession of property is changed or affected such as orders dissolving writs of attachment and the like"; nor, of course, can they be said to be "final orders or judgments" so as to be embraced in the class of appeals over which we have general jurisdiction.

■ Even giving it a liberal construction[3] we cannot extend the language of the statute so as to include a class of appeals which Congress plainly did not intend to be within our jurisdiction. The orders were not such as finally disposed of the rights of the parties and therefore we cannot review them at this stage of the proceedings.[4]

■ While we must dismiss the appeal, we do not wish to be understood as sanctioning the action of the trial court in granting the motions to strike. On the contrary we think it was precipitate and certain to give rise to unnecessary confusion, delay, and expense. On the very threshold of the case plaintiffs' claims have been cut in half (or more) and one defendant has been told that it need not plead to that part of the claims. Indeed at the argument before us defense counsel took the frank position that they need not plead at all to four of the claims which have now been reduced to the status of class B cases in which no responsive pleading is required. What this really amounts to is that the cases have been prejudged and the measure of damages fixed without hearing any testimony and before the cases are even at issue. Plaintiffs are precluded from offering any testimony to support their claims for "annoyance, inconvenience and mental suffering" and the entire tenor of the litigation has been altered to their prejudice. It will be seen that additional confusion will result from the fact that the ruling applies only to one defendant, the District of Columbia. The claim was not stricken as to defendant Randle and Garvin, Inc., and as to that defendant, plaintiffs presumably will press their claims in full. We apprehend that severing the evidence, deciding its applicability as between the defendants, and arriving at an unconfused decision will be no simple task for counsel, court or jury.

Naturally we do not know what the evidence will reveal. We express no opinion as to whether the stricken part of the claims will constitute a proper measure of damage in cases of this kind. But it does seem clear that the present confusing state of the record needs correcting. We think the trial court may well correct it now by entertaining an application to reconsider the ruling on the motions to strike so that the entire case may be presented on its merits.

When the issues have been framed and the cases presented for trial, the "trial judge who has the ultimate responsibility"[5] will undoubtedly be in a better position to arrive at a considered opinion concerning the question of damages.

Appeal dismissed.

[1] D.C.Code (1940 Ed.) § 17—101.

[2] Public Law 512—77th Congress. Chap. 207—2nd Session, H. R. 5784, April 1, 1942, 56 Stat. 195.

[3] Forgay v. Conrad, 47 U.S. 201, 6 How. 201, 12 L.Ed. 404.

[4] Edelin v. Lyon, 1 App.D.C. 87; Dunning v. Harrah, 65 App.D.C. 92, 80 F.2d 535; United States v. Mattingly, 52 App. D.C. 188, 285 F. 922; Fidelity Storage Co. v. Jacques, 61 App.D.C. 337, 62 F.2d 876; Metzger v. Kelly, 34 App.D.C. 548; Follansbee v. Ballard Pav. Co., 154 U.S. 651, appendix, 14 S.Ct. 1189, 25 L.Ed. 802; Southland Industries v. Federal Comm. Commission, 69 App.D.C. 82, 99 F.2d 117.

[5] Marks v. Frigidaire Sales Corp., 60 App.D.C. 359, 54 F.2d 974.