## CROWDER v. LACKEY.

### No. 328.

Municipal Court of Appeals for the District of Columbia.

Oct. 11, 1945.

Garfield C. Thompson, of Washington, D. C., for appellant.

Goldie S. Paregol, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

PER CURIAM.

This appeal was taken from four certain orders of the trial court, on motions made before the pre-trial of the case. Moving to dismiss the appeal, appellee claims that such orders are not appealable under the statute creating this Court. Code 1940, § 11—771 et seq. Section 11—772(a) provides:

"Any party aggrieved by any *final order or judgment* * * * may appeal therefrom as of right to The Municipal Court of Appeals for the District of Columbia. Appeals may also be taken to said court as of right from all interlocutory orders of The Municipal Court for the District of Columbia *whereby the possession of property is changed or affected* such as orders dissolving writs of attachment and the like. * * *" (Emphasis supplied)

Appellant claims that "the possession of property is changed or affected" by these orders, which were entered in the trial court:

1. An order granting a motion by plaintiff to amend the complaint to include a claim for overdue rent.

2. An order overruling a motion by plaintiff for summary judgment.

3. An order granting a motion by plaintiff to dismiss the counterclaim, without prejudice to the rights of defendant to file a separate suit.

4. An order denying leave to amend the counterclaim.

These orders involved matters of a preliminary nature only. We have previously pointed out that we have no power to entertain appeals from interlocutory orders. Our jurisdiction is limited to appeals from final orders or judgments, or from interlocutory orders "whereby the possession of property is changed or affected." Brown v. Randle & Garvin, D.C.Mun.App.,

32 A.2d 104, 105; Ray v. Bruce, D.C.Mun. App., 31 A.2d 693. The orders involved do not fall within either of those classes.

We must therefore grant the motion to dismiss.

Appeal dismissed.