## ATLAS VAN LINES v. AUSTIN.
### No. 320.

Municipal Court of Appeals for the
District of Columbia.
Nov. 19, 1945.

Richard W. Galiher, of Washington, D. C. (Henry I. Quinn, of Washington, D.C., on the brief), for appellant.

James A. Cobb, of Washington, D.C., for appellee.

Before CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Atlas Van Lines, defendant in the action below, moved to quash service of process. The following facts were developed at the hearing on the motion: Atlas Van Lines is the trade name under which George Edler operates out of Chicago as a mover of household goods and kindred commodities by motor truck; Edler does business in the District of Columbia and Leo Sorel, who trades under the name of Modern Way Movers, is Edler's agent in the District; service of process against Atlas Van Lines was made upon Sorel.

The trial court held (1) that Sorel was not authorized by Edler, or by law, to accept service of process for Edler and the service on Sorel was not effective service; (2) that Atlas Van Lines, having twice requested continuances of the cause prior to filing the motion to quash, had made a general appearance, thereby waiving lack of proper service; and (3) that, although Edler was not named in the complaint or process, nevertheless he was subject to suit under his trade name of Atlas Van Lines. Accordingly, the trial court overruled the motion to quash service; and from that order this appeal was taken.

■ At the outset we are faced with the question whether an order overruling a motion to quash service is an appealable order. Our jurisdiction is limited to a review of final orders or judgments and interlocutory orders "whereby the possession of property is changed or affected." Code 1940, § 11—772. Crowder v. Lackey, D.C.Mun.App., 44 A.2d 223; United Retail Cleaners, etc., Ass'n v. Denahan, D.C.Mun.App., 44 A.2d 69; Phillips v. Marvin's Credit, Inc., D.C. Mun.App., 35 A.2d 825.

■ We have no discretionary power to entertain special appeals from interlocutory orders (Brown v. Randle & Garvin, D.C.Mun.App., 32 A.2d 104); and though no objection is made, it is still our duty to limit review to appealable orders or judgments. Ray v. Bruce, D.C.Mun.App., 31 A.2d 693. Even an expressed desire of both parties for a decision on the merits will not confer jurisdiction on this court, for neither the parties nor the court has power to extend the language of the statute. Yeager v. District of Columbia, D.C. Mun.App., 33 A.2d 629.

■■ The order from which the appeal is taken is an interlocutory order. Church v. Church, 50 App.D.C. 239, 270 F. 361, 14 A.L.R. 769; Atlantic Coast Line Railroad Co. v. Goldberg, D.C.Mun.App., 39 A.2d 563. Being interlocutory, and not changing or affecting the possession of property, the order is not appealable and the appeal must be dismissed. The defendant, having raised the jurisdictional question, may participate in the trial on the merits, preserving the right to present the question on appeal in case of an adverse judgment.

■ In view of Rule 12(b), (h) of the trial court, substantially the same as Rule 12(b), (h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, limiting sharply the acts which constitute a waiver of lack of jurisdiction over the person,[1] and since it seems from the record that Edler is a motor carrier within the meaning of the Motor Carrier Act and subject to service of process without practical difficulty,[2] we think it is not amiss to suggest that counsel for plaintiff consider the advisability of amending his pleadings to make Edler party defendant in his own name and issuing new process against him as such. This suggestion is made with the thought that a trial on the merits, unhampered by any question of uncertainty of jurisdiction, would be to the interest of both parties.

Appeal dismissed.

[1] Cooper v. Burton, 75 U.S.App.D.C. 298, 127 F.2d 741; Kaufman v. United States, D.C.D.C., 35 F.Supp. 900; Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871, certiorari denied 322 U.S. 740, 64 S.Ct. 1057; Blank v. Bitker, 7 Cir., 135 F.2d 962.

[2] U. S. C. A., Title 49, § 321(c); Sansbury v. Schwartz, D.C.D.C., 41 F.Supp. 302.