GAETJENS v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. May 7, 1909.)

1. MUNICIPAL CORPORATIONS (§ 747*)—TORTS OR NEGLIGENCE OF CITY DEPARTMENTS, OFFICERS, OR EMPLOYÉS—LIABILITY THEREFOR.

The city of New York is not liable for the torts of its departments of police, fire, education, or charity, or of any official or employé thereof, as such departments are not agencies of the city in its corporate capacity, but public agencies created by law to discharge state duties, and not corporate duties or business, so that the rule of respondeat superior does not apply to the city in respect of them.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1570–1577; Dec. Dig. § 747.*]

2. MUNICIPAL CORPORATIONS (§ 747*)—LIABILITY FOR NEGLIGENCE OF FIRE DEPARTMENT.

The fire department of New York City having put up and used a wire in discharge of its duties, the city cannot be made liable for its negligence therein, nor for suffering the wire or poles carrying it to wear out or decay and fall; the city not being bound to inspect or care for the wires or poles, which are under the control of the department as a state agency.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1574; Dec. Dig. § 747.*]

3. APPEAL AND ERROR (§ 1173*)—REVERSAL AS TO ONE OR MORE COPARTIES.

Where the theory on which a case went to the jury in respect to one defendant is so erroneous that the verdict against others probably resulted therefrom, the judgment should be reversed as to all.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4562; Dec. Dig. § 1173.*]

On rehearing. Judgment and order denying new trial reversed, and new trial granted.

For former report, see 129 App. Div. 919, 114 N. Y. Supp. 1128.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, JENKS, and MILLER, JJ.

Thomas P. Magner, for plaintiff.

James D. Bell (P. E. Callahan, on the brief), for defendant city of New York.

John J. Kuhn (Owen N. Brown, on the brief), for defendant gas company.

Alexander Cameron (William D. Stiger and Arnold W. Sherman, on the brief), for defendant telephone company.

GAYNOR, J. I suppose it to be indisputable that the city is not liable for the tortious acts or neglects of its departments of police, fire, education or charity, or of any official or employé thereof. These departments are not agencies of the city, but public agencies, i. e., they are created by law for the discharge of governmental, i. e., state duties, and not city duties or business; and therefore the rule respondeat

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

superior does not apply to the city in respect of them. Wilcox v. City of Rochester, 190 N. Y. 137, 82 N. E. 1119, 17 L. R. A. (N. S.) 741. I have heretofore had to consider this same question. Peatty v. City of New York, 33 Misc. Rep. 231, 67 N. Y. Supp. 276. The fire department having put up and used the wire in the discharge of its duties, the city cannot be made liable for any negligence of the said department therein. That the said department should suffer the said wire, or the posts or poles upon which it was carried to wear out or decay and fall, would be its negligence alone. The city owed no duty of inspection or care of wire or poles; they were under the control and charge of the state through a state agency. The city had nothing to do with them. To say that the city had the duty of inspection to see that a worn out or unused wire or rotted post was replaced, would be erroneous. But the present case is much worse. The learned trial judge ruled that the city was responsible for the wire; he did not and would not recognize at all the non-liability of the city for the negligence of the fire department. The case does not rest on the wire being an obstruction and danger on the surface of the street after it fell which the city should have removed. No such question was presented to the jury. It would involve the length of time the wire lay on the street, which seems to have been only a few hours, and may not have been long enough to attribute that notice to the city on which its liability would depend. Nor was the case put to the jury on the ground of negligence of the city in not removing the wire from the poles before it broke, on the ground that the fire department abandoned it and it had grown obviously dangerous. If it had been they might have negatived the facts on which such ground depended. The city was treated as having put the wire up, as being in control and use of it, and therefore responsible for it.

The theory on which the case went to the jury in respect of the city was so erroneous that the verdict as to the other defendants probably resulted therefrom, and the judgment should therefore be reversed as to all.

Judgment and orders reversed and new trial granted; costs to abide the event. All concur.