MAX MILLER, as Administrator, etc., of REBECCA MILLER, Deceased, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

Second Department, April 29, 1932.

*Joseph P. Reilly* [*Arthur J. W. Hilly, Corporation Counsel,* and *William R. Wilson* with him on the brief], for the appellant.

*Samuel Dickstein* [*Abraham Greenwald* with him on the brief], for the respondent.

TOMPKINS, J.  Plaintiff sued for the death of his wife, who was killed on the 27th day of May, 1930, by reason of the alleged negligence of a fireman of the city of New York in the operation of an automobile belonging to the fire department of the defendant and carrying the chief of battalion in response to a fire alarm. The jury rendered a verdict for $10,000.

The findings of the jury in plaintiff's favor on the issues of negligence and contributory negligence are amply supported by the evidence.  The only other question is whether the defendant is liable for the negligence of its servant in the operation of its automobile.  The defendant claims that it is not liable, because the

man, operating the fire department automobile was engaged in the discharge of a governmental duty, and that, therefore, the *respondeat superior* rule does not apply, citing *Gaetjens* v. *City of New York* (132 App. Div. 394). That decision was in 1909, and the rule therein restated continued to be the law until the enactment by the Legislature of chapter 466 of the Laws of 1929, by which the Highway Law was amended by the addition of section 282-g, which reads as follows: " Every city, town and village shall be liable for the negligence of a person duly appointed by the governing board or body of the municipality, or by any board, body, commission or other officer thereof, to operate a municipally owned vehicle upon the public streets and highways of the municipality in the discharge of a statutory duty imposed upon the municipality, provided the appointee at the time of the accident or injury was acting in the discharge of his duties and within the scope of his employment. Every such appointee shall, for the purpose of this section, be deemed an employee of the municipality, notwithstanding the vehicle was being operated in the discharge of a public duty for the benefit of all citizens of the community and the municipality derived no special benefit in its corporate capacity." The defendant claims that this act is invalid because it violates section 2 of article 12 of the State Constitution, which is as follows: " The Legislature shall not pass any law relating to the property, affairs or government of cities, which shall be special or local either in its terms or in its effect, but shall act in relation to the property, affairs or government of any city only by general laws which shall in terms and in effect apply alike to all cities except on message from the Governor declaring that an emergency exists and the concurrent action of two-thirds of the members of each house of the Legislature."

Defendant contends that section 282-g of the Highway Law, above quoted, is a special or local act and, not having been enacted on an emergency message from the Governor, is unconstitutional. The act applies to every city, town and village where the negligence is that of a person in the employ of the municipality engaged in operating a municipally owned vehicle in the discharge of a statutory duty and within the scope of his employment. The defendant's position is that this provision discriminates between municipalities which provide police and fire protection by reason of a statutory duty imposed upon them, and those which provide such protection, not because of statutory requirement, but of their own volition. We think this claim is untenable. There may be some municipalities in the State where police and fire protection are not required by law, but it is a matter of common knowledge that most,

if not all, of the cities of the State have police and fire departments established by legislative enactment. Besides, by statutory provisions, cities, villages and towns have their highway and health departments operating vehicles on the public streets; likewise water, lighting, park and sewer departments and districts are established by law in cities, towns and villages, in the maintenance of which vehicles are used on the public highways. With the many uses to which municipally owned vehicles are employed in the discharge of the statutory functions of government, it cannot be said that the statute in question is special or local.

In *Matter of Mayor, etc., of New York (Elm Street)* (246 N. Y. 72) CARDOZO, Ch. J., wrote: " We are no longer confined to the inquiry whether an act is general or local ' in its terms.' We must go farther and inquire whether it is general or local ' in its effect.' * * * An act is not general when the class established by its provisions is at once so narrow and so arbitrary that duplication of its content is to be ranked as an unexpected freak of chance, a turn of the wheel of fortune defying probabilities." Concerning the division between general and local acts, CARDOZO, Ch. J., says: " Futile is the endeavor to mark the principle of division with the precision or binding force of a codifying statute. * * * Roughly speaking, however, the principle of division, considered merely for the purpose of a working approximation, may be stated to be this: If the class in its formation is so unnatural and wayward that only by the rarest coincidence can the range of its extension include more than one locality, and at best but two or three, the act so hedged and circumscribed is local in effect. If the same limits are apparent upon the face of the act, unaided by extrinsic evidence, or are so notorious or obvious as to be the subject of judicial notice, it is also local in its terms."

It is obvious that section 282-g of the Highway Law is not " hedged and circumscribed " so as to be local in its terms and effect, inasmuch as it applies to every city, town and village in the State and to all of their varied governmental activities under statutory enactments.

The plaintiff cites *Cooper* v. *City of New York* (233 App. Div. 820) as upholding the constitutionality of section 282-g of the Highway Law. That was an action against the city of New York by an administratrix for the death of her intestate, but it does not appear in the reported memorandum what the facts were or what negligence was charged against the city.

In the case of *Snyder* v. *City of Binghamton* (138 Misc. 259) verdicts for the plaintiffs against the defendant for the negligence of a city fireman were upheld by the trial court under section 282-g

of the Highway Law. In denying defendant's motion to set aside the verdicts, the court said: " Manifestly, the Legislature intended to change the rule of non-liability in the performance of governmental duties so far as it applies to the operation of municipally-owned automobiles. It must have intended to deal with governmental duties as no legislation was necessary with respect to *quasi* private or corporate duties; such liability already existed. The courts will assume that a statute was not enacted without some purpose. * * * What mischief in the old law did it seek to remedy? In recent years, the fairness and reasonableness of the rule of non-liability of municipal corporations has been questioned. Agitation for its modification has not been wanting. It is found not only in public utterances and writings of leading jurists but in our statutes and decisions." This decision of the trial court was unanimously affirmed, without opinion, by the Appellate Division of the Third Department (233 App. Div. 782).

Our conclusion is that section 282-g of the Highway Law does not violate section 2 of article 12 of the State Constitution and is valid, and that the judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, SCUDDER, TOMPKINS and DAVIS, JJ.

Judgment unanimously affirmed, with costs.