## DISTRICT OF COLUMBIA v. MAY.

No. 5933.

Court of Appeals of the District of Columbia.

Argued Dec. 7, 1933.

Decided Dec. 26, 1933.

William W. Bride and Elwood H. Seal, both of Washington, D. C., for plaintiff in error.

Dewey J. Edwards, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

Defendant in error (plaintiff below) sustained damage to his automobile, to recover which he sued the District of Columbia (plaintiff in error). The damage resulted from a collision between defendant in error's automobile and an automobile belonging to the District under these circumstances: On

the day in question, installation of a fire control box had been duly authorized at Fourth and Peabody streets in Washington City. An employee of the District, whose duty it was to drive a truck and assist in the installation of fire boxes, had been ordered to deliver certain necessary equipment to the particular street intersection, and there to assist its setting up for service. The employee went with the equipment to the designated place, and aided in putting the fire box in condition for use. Some additional equipment was necessary, and the employee was returning with the truck to the District storeroom for this when the collision occurred. Negligence on the part of the employee in the management of the truck is admitted.

 The single question for decision, therefore, is, Was the District of Columbia at the time of the accident in the performance of a public or governmental act? If it was, the law is now well settled that it cannot be held liable in damages. See Harris v. District of Columbia, 256 U. S. 650, 652, 41 S. Ct. 610, 65 L. Ed. 1146, 16 A. L. R. 1471, where it is said: "It is established doctrine that when acting in good faith municipal corporations are not liable for the manner in which they exercise discretionary powers of a public or legislative character." And in Weightman v. Washington, 1 Black 39, 17 L. Ed. 52, Mr. Justice Clifford, speaking to the same subject, said that among the duties which are discretionary, and hence of a public nature, are those in relation to policemen and firemen.

In the present case, the negligence was that of neither policeman nor fireman, but was that of a servant of the municipality employed at the time solely in the erection of a fire box installed in the public interest for the more efficient control of fires. This is not the performance of a municipal duty, that is to say, a mandatory thing or a thing done in the interest of the city in its corporate capacity, but is rather the doing of an act in its nature discretionary, that is to say, an act of grace—a nonobligatory act; and is in all respects like measures taken in the preservation of the public health. See Jones v. District of Columbia, 51 App. D. C. 319, 279 F. 188.

The exemption from liability in such cases is put on the ground that the service is performed in obedience to a public or governmental duty, and is one in which the municipality as such derives no special benefit. Dillon, Municipal Corporations (5th Ed.) § 1660. Hence it has been held that a city is not liable for an injury negligently caused by the bursting of a hose of a fire engine, nor for damage by fire caused by insufficient fire apparatus; and in many other like cases. In New York it was held that the city was not liable for the negligence of its servants in maintaining fire signal wires which fell and injured a pedestrian on the street. Gaetjens v. City of New York, 132 App. Div. 394, 116 N. Y. S. 759. In Wisconsin it was held there could be no recovery against a city where certain persons were injured through the negligence of an employee of the city whose duty was to assist in loading and weighing coal purchased by the city for the use of its fire department, and who, while in the act of weighing the coal, negligently injured the plaintiff. Manske v. Milwaukee, 123 Wis 172, 101 N. W. 377.

In this case it indisputably appears that the work in which the servant of plaintiff in error was engaged was of the public character we have shown to confer immunity on a municipality in its negligent performance, and the fact that the servant was not at the time of the accident actually engaged in the installation, but was returning from the work for needed materials, does not change the rule or the principle on which it is based. This principle, as we have seen, is that in such activities the city is acting voluntarily and not for its own profit or advantage, but solely for the use and benefit of, the public and as its representative and agent. The rule is one of long standing, and became part and parcel of our legal system at a time when the governmental duties of a city were few and simple. The number of officers and employees was small and their activities easily controlled. The danger then of injury from municipal activities was remote. To-day, with a single American city having on its pay roll and under its direction as many servants as the whole of England, with its governmental activities extended to meet modern conditions, with a vast army of place holders furnished with dangerous instrumentalities, like the automobile, it may well be asked whether the Legislature should not by express statute create, as it may, liability against the city on an equality with its citizens. But that is a matter which must abide the future and cannot affect the rights in the case we are deciding.

Reversed.

HITZ, Associate Justice (dissenting).

I am unable to concur in the opinion of the court in this case.

That a municipality may be immune from suit for an act of negligence committed in its governmental capacity in the case of an emergency on a public street—as for the negligent driving of a fire engine responding to a fire call—is one thing: but it is quite another to extend that immunity to a case where, as here, the negligence is that of an employee of the municipality—not himself a member of the fire department—who commits the negligent act while returning at his leisure from a place several miles away, where he had been assisting in the repair of a fire alarm box.

Among the most dangerous drivers on our dangerous streets are government drivers, and the courts should be slow to extend the cover of governmental immunity to municipal vehicles while engaged in nonemergency service, and forming merely a part of normal traffic on crowded streets.

The principle on which this immunity was supposed to be based is now as far out of line with modern thought as it is with modern conditions of city traffic, and the Supreme Court very recently has shown its unwillingness to follow even its own decisions when based on conditions which no longer exist, although such change of condition has not yet been recognized in legislative action. See Funk v. U. S., 54 S. Ct. 212, 78 L. Ed. ——, decided December 11, 1933, where an ancient rule of evidence was abolished as outworn, antiquated, and not in accordance with present-day standards of wisdom and justice.

In my opinion, this court in this case has followed a doctrine inapplicable in fact to a conclusion unwarranted in law, and consequently the judgment against the District of Columbia as rendered below should be affirmed here, and not reversed.