## DISTRICT OF COLUMBIA v. WORLD FIRE & MARINE INS. CO.

### No. 805.

Municipal Court of Appeals for the District of Columbia.

Argued July 18, 1949.

Decided Aug. 16, 1949.

---

·Chester H. Gray, Principal Assistant Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Henry E. Wixon, Assistant Corporation Counsel, and Edward A. Beard, Assistant Corporation ·Counsel, Washington, D. C., were on the brief, for appellant.

Warren E. Magee, Washington, D.,C., with whom Daniel J. Andersen, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The trial court by its judgment ordered the District of Columbia to pay to World Fire and Marine Insurance Company $407.-50, which the District had already paid to a policy-holder of that company on an accident claim.

In June 1946 a vehicle operated by an employee of the Trees and Parking Division of the District of Columbia collided with the parked automobile of Harry Aiken, and damaged it to the extent of $457.50. The

appellee insurance company paid Aiken that amount, less $50 deductible under the terms of the policy.

In the meantime, in August 1946, an attorney made written demand on the District of Columbia, stating that he represented Harry Aiken, but making no mention that he was also counsel for the insurance company. The claim of Aiken was acknowledged and counsel was requested to file a written authorization from Aiken if payment was to be made through counsel rather than directly to Aiken. This was accomplished and the authorization and repair bill evidencing the damages were subsequently forwarded to the Inspector of Claims of the District of Columbia.

In December 1946 the District of Columbia Commissioners authorized the settlement of Aiken's claim of $457.50, which was duly paid by check in June 1947 after execution of a release. The check was mailed directly to Aiken instead of to his attorney. This was discovered by the attorney when he sent a letter inquiring as to the status of the claim. In that letter, dated September 17, 1947, over a year after the original accident and four months after the check had been mailed, for the first time in writing he referred to his dual status as attorney for both the insurer and the insured. He wrote: "This claim was filed by me as attorney for Harry Aiken and the World Fire and Marine Insurance Company. * * *" Thereafter the insurance company sued Aiken and the District of Columbia for $407.50, the District of Columbia being sued for negligently and wrongfully mailing its check directly to Aiken. Judgment went against both defendants, and this appeal is brought by the District.

Three errors are assigned: (1) the failure of the insurance company to comply with the statutory requirements of notice, (2) the failure to prove any act of negligence on the part of the District of Columbia, and (3) non-liability because the maintenance of shade trees is a governmental rather than a proprietary function.

The requirement as to notice is contained in Code 1940, 12—208 and provides: "No action shall be maintained against the District of Columbia for *unliquidated* damages to person or property unless the claimant within six months after the injury or damage was sustained, he, his agent, or attorney gave notice *in writing to the commissioners of the District of Columbia* of the approximate time, place, cause, and circumstances of such injury or damage * *." [1] The District contends that the attorney in this case failed to comply with this requirement in that he failed to give the Commissioners any written notice that he was acting for the insurance company. As pointed out above, the first time he did so was in his letter of September 17, 1947, thirteen months after the accident. Up to that point, as far as the written documents disclosed, the only party whom the attorney represented was Aiken.

The attorney testified at the trial that immediately after the accident he talked with the Inspector of Claims of the District of Columbia, and "explained to him the subrogation angle"; that the inspector "said that he did not want an authorization from the World Fire and Marine Insurance Company; that upon receiving an authorization from Harry Aiken for the full amount, the relationships between Harry Aiken and his insurance company was none of their concern." He further testified that he advised the inspector of the relationship and the amount paid to Aiken and that in regard to the check, if an award were made by the District, "It was understood that the check would come through our office because the letter said they would make payment through the office." The attorney admittedly filed no written notice of the insurance company's interest in the claim.

■ We must hold that the requirements of the statute as to written notice are mandatory, and that for failure to give such written notice the claim of the insurance company could not be maintained. Verbal notice to a subordinate official cannot take the place of the written notice which the statute says must be given to the Commissioners, the heads of the District Government.

■ Counsel for the insurance company argues that the statutory requirement

---

[1] Emphasis added.

did not apply because the claim was a liquidated one. He points out that the requirement of written notice applies only to unliquidated claims. However, a tort claim like the one here involved is not a liquidated claim, and usually does not become liquidated until it is reduced to judgment. Liquidated claims generally arise ex contractu rather than ex delicto and if not already rendered certain by a judgment or agreement are capable of ascertainment by computation.[2] The claim here, it is true, was for a specific amount; but this does not convert it into a liquidated claim. No initial liability was either admitted or proved. The District of Columbia Commissioners were under no obligation to approve the claim. Under the statute their right to compromise claims is discretionary; after investigation they could have refused to pay Aiken any amount whatever or could have offered only partial settlement. Consequently, the claim being unliquidated, and remaining so as far as the insurance company was concerned, notice in writing was required under the statute. The statute, being in derogation of common law rights, is to be strictly construed,[3] and the notice given in this case was not sufficient to waive the requirements of the statute. Generally, in such cases, actual notice is without effect to dispense with a written notice,[4] when a statute requires notice in writing.

■ The insurance company having failed to give the statutory written notice, the District of Columbia was under no legal duty to send the check to counsel for the insurance company. And since there was no such duty, the District of Columbia can not be found guilty of negligence in wrongfully sending the check to the insured, Mr. Aiken himself. We do not say that the District can never be held answerable for acts of such negligence. But we do hold that under the circumstances here, the District of Columbia should not be held liable twice for the same tort: once for the original negligent collision and a second time for negligence in misdirecting the check of payment. This is especially so in view of the fact that the compromise award was discretionary in the first place, with no attendant duty to pay the subrogee anything.

■ There is another reason why the plaintiff insurance company should not have been permitted to recover in this case. The collision from which this litigation arose was one from which no liability would attach to the District of Columbia, because its vehicle was at the time engaged in a governmental function, the care and maintenance of trees and parkings.[5] And when the District of Columbia, its agents, servants or employees are so engaged it is not liable in damages.[6] This immunity was recognized by the Commissioners in their order which read that the award was made under Section 1—902, D.C.Code. That section allows the Commissioners to settle claims and suits against the District for negligent or wrongful acts of its employees when the District, "if a private individual, would be liable prima facie to respond in damages, irrespective of whether such negligence occurred or such acts were done in the performance of a municipal or a governmental function of said District * * *"

Reversed.

---

[2] 25 C.J.S., Damages, § 2; 25 Words and Phrases, Perm. Ed., Liquidated Claim, pages 344–345; Zeidler v. Goelzer, 191 Wis. 378, 211 N.W. 140.

[3] See annotation, "Necessity of presenting claim against municipality for damaging property," 52 A.L.R. 639–663.

[4] 6 McQuillan, Municipal Corporations, 2d Ed.Rev., § 2895.

[5] This is in accord with the general law of Municipal Corporations. It is obviously a public service, performed for the common good, without any proprietary profit or gain. See Tillman v. District of Columbia, 58 App.D.C. 242, 29 F.2d 442, which sets out the test of a governmental function as opposed to a proprietary one. See also Donohue v. City of Newburyport, 211 Mass. 561, 98 N.E. 1081, Ann.Cas.1913B, 742.

[6] District of Columbia v. May, 63 App. D.C. 10, 68 F.2d 755, cert. den. 292 U.S. 630.