Robert H. McNEILL and T. Bruce Fuller, Appellants,

v.

Maude Selby JAMISON and Glens Falls Indemnity Company, Appellees.

No. 1657.

Municipal Court of Appeals for the District of Columbia.

Argued July 11, 1955.

Decided Aug. 2, 1955.

Robert H. McNeill and T. Bruce Fuller, Washington, D. C., pro se.

Richard V. Waldron, with whom Howard J. McGrath, Washington, D. C., was on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This suit involved a claim which had earlier been filed in a probate case and rejected by the executrix. The question before us is whether the trial court was correct in ruling that the claim was barred by a special statute of limitations.

Messrs. McNeill and Fuller sued in the Municipal Court for legal services allegedly performed for Sarah L. Jamison and for her estate. They named as defendants Maude S. Jamison (not as executrix, but individually), and the surety on her undertaking. After a trial on the merits the trial judge sustained defendants' contention that the claim was barred because filed too late under Code 18–518, which as now in force provides: "If a claim be exhibited against an executor or administrator which he shall think it his duty to dispute or reject * * * and if on any claims exhibited and disputed as aforesaid the creditor or claimant shall not, within three months after such dispute or rejection, commence a suit for recovery the creditor shall be forever barred * * *."

It should be mentioned that at the time of decedent's death in January 1948 the same Code section, as enacted in 1901, prescribed a nine-month limitation. It was in June 1949 that the limitation was changed by amendment to three months. The trial court in its memorandum ruled that such nine-month period governed because it was in effect at the time of decedent's death. Citing Kalis v. Leahy, 88 U.S.App.D.C. 166, 188 F.2d 633, certiorari denied 341 U.S. 926, 71 S.Ct. 797, 95 L.Ed. 1358.

Appellants filed their claim in the probate court in July 1950. Two' other dates are pivotal: October 31, 1950, when the executrix rejected the claim, and October 9, 1953 (two years and eleven months later), when this suit was filed.

We must hold that the trial court was correct in ruling that Code 18–518 barred plaintiffs' claim. It is clear that in prescribing the special period of limitations Congress intended to facilitate the administration and distribution of estates. It is also clear that appellants were more than two years late in filing this action.

Appellants argue in effect that the cited Code section is not applicable because the executrix, having given a special undertaking, became personally liable. It is true that in giving a special undertaking Maude Jamison rendered herself personally liable, under Code 20–303, for "all the debts and just claims against the testator". But one giving a special undertaking has the same right to reject an improper claim as a fiduciary serving under a general undertaking. See Code 18–516. See also Clawans v. Sheetz, 67 App.D.C. 366, 92 F.2d 517. Thus there is no basis whatever for appellants' claim that the special bond "guaranteed" their right to recover. When the executrix took the position that appellants' was not a "just claim" and rejected it, they were required to sue within the time prescribed by the statute.

Nor is there merit in the contention that appellants are within the longer limitation periods prescribed elsewhere in the Code to govern other situations. Specifi-

cally mentioned in their brief is Code 12–201 which permits suit on an executor's bond within five years. That section does not apply here because it obviously deals with actions based on misconduct of a fiduciary. Of this there is no suggestion in the record before us.

Appellants rely on Hawley v. Hawley, 72 App.D.C. 376, 114 F.2d 745. That case did not discuss or decide the question of limitations and is of no help to appellants.

We refer briefly to appellants' contention that the order dismissing their complaint was wrong because not in harmony with earlier rulings in the case denying defendants' motions for summary judgment. Long ago it was decided that interlocutory rulings do not settle the law of a case and are not conclusive or binding on the trial judge, who has the ultimate responsibility of deciding the case on the merits. Marks v. Frigidaire Sales Corporation, 60 App.D.C. 359, 54 F.2d 974, certiorari denied 285 U.S. 544, 52 S.Ct. 394, 76 L. Ed. 936; see also Brown v. Randle & Garvin, D.C.Mun.App., 32 A.2d 104.

Affirmed.