**Odessa B. ROBINSON and Elizabeth Pugh, Plaintiffs,**

v.

**Augustine L. HENDERSON, Defendant.**

**Civ. A. No. 3233–55.**

United States District Court
District of Columbia.
Jan. 10, 1956.

**464**

Orsinger & Dooley, Washington, D. C., for plaintiffs.

George R. Linkins, Washington, D. C., and Thomas Morton Gittings, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This cause came on to be heard on defendant's motion for summary judgment. Plaintiffs seek to have decedent's property, presently in the hands of defendant as a devisee, subjected to the payment of plaintiffs' claims as creditors. Defendant, executrix of the estate in question, asserts that where a creditor or creditors fail to institute action against an executor within the statutory time limit of three months, following the rejection of their claim, such claim is extinguished under D.C.Code 1951, § 18–518.

Although it is a close question and substantial arguments may be made to the contrary it appears to the Court that D.C.Code 1951, § 18–518 is designed primarily to protect executors and other fiduciaries by discharging them of responsibility within a very short time.

While the recent decision of the Municipal Court of Appeals for the District of Columbia, McNeill v. Jamison, 116 A.2d 160, held that an executrix giving a special undertaking is in the same position as a fiduciary serving under a general undertaking in rejecting claims under D.C.Code 1951, § 18–518, it cannot fairly be read to empower a devisee to raise the abbreviated statute of limitations as bar to an action commenced after three months of the time the claims were rejected.

The Court recognizes that Congress intended to facilitate the administration and distribution of estates through the special period of limitations. The statute mentions only executors and administrators. Congress may decide to increase its coverage but as yet it has not seen fit so to do. The courts should not, therefore, apply the statute indiscriminately as to all claims against a decedent's estate.

Being satisfied that these claims are against defendant as devisee, not as executrix, and that the right of action has not been extinguished, it is by the Court this 10 day of January, 1956,

Ordered that defendant's motion be and the same is hereby denied.