Walter A. LEAS, Appellant,

v.

DISTRICT OF COLUMBIA, a Municipal Corporation, Appellee.

No. 2062.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 23, 1957.

Decided Oct. 30, 1957.

Robert H. McNeill, Washington, D. C., for appellant.

George H. Clark, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellee filed this suit for damages which resulted from a collision between one of its fire trucks and appellant's vehicle. Appellant in his answer denied the charge of negligence and filed a counterclaim for the damages to his automobile, alleging negligence on the part of the driver of the fire truck. Appellee resisted the counterclaim on the ground that it was not negligent and further that at the time it was engaged in a governmental function and thus immune from suit. Trial by the court sitting without a jury resulted in a judgment for appellee and this appeal followed.

The facts may be briefly summarized. Appellant was proceeding north on Connecticut Avenue in the lane next to parked cars. Midway in the block he attempted to make a "U" turn across Connecticut Avenue. The fire truck, which was responding to a fire alarm, was about two hundred feet south of him, traveling at a speed of between twenty-five to thirty miles per hour in the traffic lane next to the center of the roadway. There was a rotating red light on the top of the truck and its siren was in constant operation. At a point south of the collision, its driver, faced with three lanes of stopped traffic, steered the truck into the lane immediately to the left of the center of the roadway. The arc of the turn being made by appellant was directly in the truck's path. Appellant was unable to complete the "U" turn because of southbound traffic. Testimony in behalf of appellee indicated that appellant stopped his car momentarily, backed a few feet and hit the fire truck on the left side just to the rear of and under the left door of the cab. Appellant denied that he backed up, but stated that he may have "drifted" back a few inches.

In a detailed memorandum opinion the trial judge found as a fact that appellant was negligent in that he violated two traffic regulations, which were in effect at the time of the accident,[1] and that such violations were the proximate cause of the accident. He also found that appellee was not negligent and further that the operation of the fire truck was, under the circumstances, the exercise of a governmental function and thus that appellee was immune from suit.

On appeal appellant makes no serious challenge to the factual findings on the issue of negligence, nor do we think such is possible. Plainly the ordinances involved are designed to promote safety, and a violation

[1] Traffic and Motor Vehicle Regulations for the District of Columbia, effective May 1, 1953, Art. VIII, Sec. 44: "The driver of any vehicle shall not turn such vehicle so as to proceed in the opposite direction unless such movement can be made in safety and without interfering with other traffic."

Art. IX, Sec. 50(a): "Upon the approach of an authorized emergency vehicle equipped with at least one lighted lamp exhibiting red light visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicle and when the driver is giving audible signal by siren, exhaust whistle, or bell:

"1. The driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway, clear of any intersection, and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer."

of them, together with the other circumstances in the case, could form the basis for a finding of negligence. We think the evidence amply supported the trial judge's holding in this regard, that appellant did violate these regulations, that such violations were the proximate cause of the accident, and that appellee was not negligent.

■ The bulk of appellant's argument is directed against the court's conclusion of law upholding appellee's alternative defense to appellant's counterclaim, i. e., that as a municipal corporation it was immune from a suit based on a tort allegedly committed while it was engaged in the performance of a governmental function. Appellant in effect admits that this ruling was in accord with the settled law of this jurisdiction but relies on what he calls the general trend of the law throughout the country away from this doctrine, and asks us to discard it as obsolete. This we have no power to do. "[S]ince it is a phase of governmental immunity Congress alone can replace it."[2]

Affirmed.

2. Calomeris v. District of Columbia, 1955, 96 U.S.App.D.C. 364, 366, 226 F.2d 266, 268.