**TRUSTEES OF the PURITAN CHURCH, Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

Civ. A. No. 4948–55.

United States District Court
District of Columbia.

Nov. 17, 1960.

Henry Lincoln Johnson, Jr., Washington, D. C., for plaintiff.

Oliver Gasch, U. S. Atty., Edw. P. Troxell, and Rufus Stetson, Jr., Atty., Tax Div., Dept. of Justice, Washington, D. C., for the United States.

TAMM, District Judge.

In this action, the plaintiff seeks to set aside a sale of real estate by the defendant under a tax lien, a release of tax liens, and the revesting in the plaintiff of fee simple title to real property sold on a tax lien and, in a second count of the complaint, money damages for the actions of the defendant in the tax proceeding.

The plaintiffs have not offered any substantial evidence to support count two of the complaint and, accordingly, the court finds for the defendant upon this cause of action because of the plaintiffs' failure to sustain the claim by a preponderance of the evidence.

With reference to the first count of the plaintiffs' complaint, the Court concludes that the 90-day letter of October 18, 1951 was a valid one. The Court is of the further opinion that the earlier proceedings for tax deficiencies in which a portion of the calendar year 1948 was joined with prior years were invalid as to the year 1948, as is indicated by plaintiffs' Exhibit No. 3. The present plaintiffs did not exercise their statutory right of appeal during the 90-day period subsequent to October 18, 1951 and consequently, the defendants' subsequent action in the sale of the real estate which is the subject matter of the plaintiffs' action was a legal one.

The Court, accordingly, finds for the defendant.

Considerable confusion appears in the record in this case because of failure of counsel to distinguish between the several docket numbers assigned to the various cases by the Internal Revenue Service. The Court believes that if all of the exhibits offered in evidence are organized and considered with reference to the individual case in which they appear, apparent ambiguity and conflict is eliminated.

 The Court also directs attention to the fact that the Court's determinations as manifest by the findings of fact and conclusions of law in the case of Kennedy v. The Puritan Church, C.A. 4415–54, create a status of res judicata as to those specific matters. In addition, the Court points out that in a counter-claim which is part of the defendants' answer in that case, which answer was filed on November 4, 1954, these defendants in their present capacities sought relief from the same transaction which is the subject matter of the present complaint. The Court emphasizes that in the Kennedy case the plaintiffs had an opportunity to adjudicate the issues of the present case but failed to do so, and the Court must therefore rule that the present action is barred by the doctrine of res judicata.

There is a further aspect of this case which requires the Court's consideration. Ordinarily, when a motion is made during the preliminary stages of a case, the ruling upon that motion becomes the law of the case. In the present proceeding, the defendant by motion to dismiss raised the question of the jurisdiction of the Court. A ruling upon this motion by another judge of the Court was adverse to the present defendant. The government has maintained its position that the Court is without jurisdiction to try the case, and the Court, consequently, is confronted with the necessity of making a re-evaluation of the Court's jurisdiction. This situation arises because of course if there is no jurisdiction in the case, the matter is a continuing one, and the jurisdictional issue is not clarified by any prior ruling of the Court if jurisdiction does not in fact exist. The Court is of the opinion that the Court is without jurisdiction to try this case. The Court relies upon the cases of Seattle Association of Credit Men v. United States, 9 Cir., 240 F.2d 906; Wells v. Long, 9 Cir., 162 F.2d 842; First National Bank of Brownsville v. United States, D.C., 172 F.Supp. 757; Remis v. United States, D.C., 172 F.Supp. 732, 733.

Counsel will submit appropriate findings of fact, conclusions of law and judgment effectuating the Court's ruling.