**Mildred L. VAN VOORHIS et al.**

v.

**DISTRICT OF COLUMBIA.**

Civ. A. No. 2973-61.

United States District Court
District of Columbia.

April 19, 1965.

See also D.C., 236 F.Supp. 978.

The facts giving rise to this case, as stipulated by the parties in the pretrial statement, are as follows: On January 22, 1960, at about 3:49 p. m., an automobile owned by plaintiff John Van Voorhis and operated by his wife plaintiff Mildred Van Voorhis, was proceeding in a southwesterly direction along Michigan Avenue, NE., in the District of Columbia. At the intersection of Michigan Avenue and South Dakota Avenue, NE., Mrs. Van Voorhis' car was in a collision with a fire engine of the District of Columbia, which was responding to a fire alarm. The fire truck was travelling southeast on South Dakota Avenue.

As a result of that collision, the plaintiffs filed suit on September 8, 1961, against the District of Columbia "pursuant to the provisions of 'The District of Columbia Employee Non-Liability Act' (hereinafter referred to as "Act") Public Law 86–654; 74 Stat. 519, approved July 14, 1960," and effective thirty days later on August 14, 1960, nearly seven months after the date of this accident. The complaint alleges gross negligence on the part of the District's employee in his operation of the fire truck and claims damages for personal injuries to Mrs. Van Voorhis. Mr. Van Voorhis sues for loss of consortium of his wife.

In its answer to the complaint, the District's first defense is "that the complaint fails to state a claim against it upon which relief can be granted." On November 4, 1964, following the stipulation of facts in the pretrial statement, defendant asserted this defense in a motion to dismiss the complaint on the ground that the Act has no application to the facts of this case and, therefore, the District is entitled to the defense of governmental immunity.

Defendant's motion was argued before Judge Curran, who held on January 8, 1965, that the Act, which deprives the District of the defense of governmental immunity in suits of this nature, was intended to be applied retroactively as well as prospectively and as so applied to this case would not be unconstitutional.

Justin Edgerton, Washington, D. C., for plaintiffs.

William F. Patten, Asst. Corp. Counsel, Washington, D. C., for defendant.

TAMM, District Judge.

The defendant District of Columbia has moved this Court for judgment in its favor notwithstanding the fact that the jury was unable to reach a verdict. Among the grounds for this motion, the District asserts that:

"The D. C. Employee Non-Liability Act, Section 1–921, et seq., D.C.Code, 1961 Edition, may not be retroactively applied to the facts in this case and, therefore, the action against the District of Columbia is barred for the reason that the operation of the District of Columbia Fire Department is a governmental function."

Judge Curran, therefore, denied the defendant's motion to dismiss.

The case then went to trial before a jury, which was unable to reach a decision on the merits of the plaintiffs' case. Defendant now reasserts its defense of governmental immunity in the form of the present motion for judgment in spite of the failure of the jury to reach a verdict.[1]

At the outset, the Court is met with plaintiffs' argument in opposition to this motion "that Judge Curran's memorandum opinion is the law of the case on this point and whether or not the question was incorrectly decided is not for this Court, but can only be resolved by the Court of Appeals." The Court, however, is unable to accept that argument.

■ The general rule in this area, as stated by Mr. Justice Holmes in Messenger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152, is that "[i]n the absence of statute the phrase, 'law of the case,' as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." Although the Messenger case involved a former ruling of an appellate court in a new appeal in the same case, it is clear that the above rule is equally applicable to the reconsideration of an order of one District Judge by another District Judge in the same case. E. g., Dictograph Products Co. v. Sonotone Corporation, 2d Cir., 230 F.2d 131, 135–136, cert. dismissed 352 U.S. 883, 77 S.Ct. 104, 1 L.Ed.2d 82; Bowles v. Wilke, 7th Cir., 175 F.2d 35, 37, cert. denied 338 U.S. 861, 70 S.Ct. 104, 94 L.Ed. 528.

■■ Moreover, there is a sound reason for not applying the law of the case doctrine where the prior ruling was on a motion to dismiss under Rule 12(b) (6), Federal Rules of Civil Procedure. The

defense of failure to state a claim upon which relief can be granted cannot be waived and can be asserted at the trial on the merits and hence neither the defendant nor the trial court is concluded by a prior ruling on a motion to dismiss from reconsidering the questions previously raised. Commerce Oil Refining Corporation v. Miner, 1st Cir., 303 F.2d 125, 128; Farmer v. Rountree, 6th Cir., 252 F.2d 490, 491, cert. denied Farmer v. United States, 357 U.S. 906, 78 S.Ct. 1150, 2 L.Ed.2d 1156; 2 Moore's Federal Practice Para. 12.–14; cf. Puritan Church of America v. United States, D.C. D.C., 191 F.Supp. 670, 671, aff'd Trustees of Puritan Church v. United States, 111 U.S.App.D.C. 105, 294 F.2d 734.

Perhaps the strongest factor influencing the Court's decision to reconsider this question, notwithstanding Judge Curran's opinion, is that the parties in this matter are presently faced with the possibility of retrying the case before another jury, after having undergone the fruitless time and expense of the first trial. Since the Court disagrees with Judge Curran's opinion, its decision will result in a final order being entered in the case, which can be appealed from, if so desired. In that way, the issue can be finally determined, and any unnecessary and wasteful litigation may be avoided.

Turning to the merits of defendant's motion, the issues raised thereby appear to be twofold: (1) Did Congress intend that the Act should be applied retroactively to deprive the District of the defense of governmental immunity under the facts of this case? (2) If so, would such a retroactive application be constitutional?

The pertinent provision of the Act which must be construed in answering the first question is Section 3, which provides as follows:

> "*Hereafter* the District of Columbia shall not assert the defense of gov-

---

1. Consolidated for trial with the instant case was Civil Action No. 1502–61, District of Columbia v. Mildred and John Van Voorhis, in which the District sued the present plaintiffs for damages to its fire engine with the Court as trier of fact. This memorandum opinion is not intended to dispose of the non-jury case.

ernmental immunity in any suit at law in which a claim is asserted against it for money only on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the District occurring as the result of the operation by such employee, within the scope of his office or employment, of a vehicle owned or controlled by the District: *Provided,* That in the case of a claim arising out of the operation of an emergency vehicle on an emergency run the District shall be liable only for gross negligence. *Nothing contained in this Act shall* be construed as depriving the District of any other defense in law or equity which it may have to any such action or *give to any person, corporation, partnership, or association any right to institute or maintain any suit against the District which it did not have prior to the date of enactment hereof.*" (Emphasis added.)

■■ There is a generally recognized presumption that a statute will not be applied retroactively unless the legislature has clearly indicated that it should have a retrospective effect. See, e. g., Shwab v. Doyle, 258 U.S. 529, 42 S.Ct. 391, 66 L.Ed. 747; Kalis v. Leahy, 88 U.S.App.D.C. 166, 188 F.2d 633, cert. denied 341 U.S. 926, 71 S.Ct. 797, 95 L.Ed. 1358; Barrick v. District of Columbia, D.C.Mun.App., 173 A.2d 372, 375, aff'd Swenson v. Barrick, 112 U.S.App. D.C. 342, 302 F.2d 927. However, when such a legislative intent is clear, retroactivity by itself does not make a statute invalid. Chase Securities Corp. v. Donaldson, 325 U.S. 304, 315, 65 S.Ct. 1137, 89 L.Ed. 1628.

■ In this instance, the plain meaning of the statute, as emphasized above, clearly indicates an intent on the part of Congress *not* to give rights to any persons whose rights, if recognized, would have accrued prior to the date of enactment of the statute. Section 3 permits

the District of Columbia to be amenable to suit only in those cases involving negligence of its employees in the operation of District vehicles which occurred *after* July 14, 1960. Certainly, this provision could not be said to clearly call for its application retroactively.

The case of Barrick v. District of Columbia, supra, which involved the same issues considered herein with respect to Section 6 of the Act is readily distinguishable from the present case. There the plaintiff Barrick and his insurer sued the driver of a District of Columbia Fire Department ambulance as a result of a collision between Barrick's automobile and the ambulance, while the latter was on an emergency run. The accident occurred on January 18, 1959, and suit was filed in the Municipal Court for the District of Columbia (now the D. C. Court of General Sessions) on September 23, 1959. Before trial was held, Congress passed the Act presently under discussion, which became effective August 14, 1960. Section 6 of the Act provides that after the effective date of the statute no action for the negligent operation of a District vehicle can be brought or maintained against a District employee acting within the scope of his employment. Furthermore, Section 6 contained the following language, which was singled out by the Municipal Court of Appeals (now the D. C. Court of Appeals) as the part of the statute under heaviest attack in the appeal of that case:

"If in any such civil action or proceeding pending in a court in the District of Columbia as of the effective date of this Act the District has not been named as a defendant, said District shall be joined as a defendant and after its answer has been filed * * * the action shall be dismissed as to the employee and the case shall proceed as if the District had been a party defendant from the inception thereof."

When the case came to trial, the driver moved to substitute the District of Columbia, as provided for in the Act. Despite the plaintiffs' objection that they

were being deprived of a vested right to prove ordinary negligence against the driver, the trial court granted the motion, dismissed the suit against the driver, and substituted the District as the new defendant. After the pretrial order was amended to permit the plaintiffs to allege gross negligence, the trial commenced and resulted in a directed verdict for the District of Columbia.

Referring to this specific provision, the appellate court held, in an opinion by Judge Hood, that "Congress intended it to apply retroactively, as well as prospectively." 173 A.2d at 375. Moving, then, to the question of constitutionality, the Court found:

"As the effect of the D. C. Employee Non-Liability Act is to retroactively divest appellants of their common-law right of action to recover against the ambulance driver on proof of ordinary negligence and allows recovery against the District of Columbia only on proof of gross negligence, we are forced to declare that the Act *in its application to the facts of this case* results in an unconstitutional deprivation of appellants' property right." (Emphasis added.) 173 A.2d at 376.

The United States Court of Appeals for the District of Columbia, after briefly summarizing the above-noted decision, affirmed the judgment of the Municipal Court of Appeals on the basis of Judge Hood's opinion. Swenson v. Barrick, supra.

Clearly, the Barrick decision, which was expressly limited to the application of Section 6 of the Act to the facts of that case, has no bearing on the present case. Here, no suit has ever been instituted against the driver of the fire truck, and no action based on this accident was pending in any District of Columbia court against anyone "as of the effective date of this Act." Section 6, therefore, cannot have any application to the facts in this case, retroactively or otherwise, irrespective of whether such an application would be constitutional.

The only remaining section of the Act under which the District could be held liable for the negligence of its employees is Section 3, but, as indicated above, the plain meaning of that section manifests an intent on the part of Congress that it should not be applied retroactively. Therefore, the Act does not apply to the facts of this case, and the Court must hold that the plaintiff has failed to state a claim under the Act. Consequently, the Court need not consider the issue of the constitutionality of applying this Act to the facts of this case.

This Court's conclusion that the Act was not intended by Congress to be applied retroactively against the District in those instances in which an employee of the District was not a defendant in a suit pending at the time of the effective date of the Act is in accord with the purpose of and need for the Act, as stated in the Senate Report recommending the passage of this legislation:

"*The purpose of this bill* is to deny to the District of Columbia, in suits on claims arising out of the negligent operation of vehicles owned or controlled by it and operated by its employees in the performance of their official duties, the defense of governmental immunity, and *to relieve such employees of liability in such cases to third persons.*

"*The bill is designed to relieve employees of the District of Columbia from personal liability* for damages arising out of their operation of vehicles within the scope of their employment by prohibiting the District of Columbia from asserting the defense of governmental immunity in suits where claim is made as a result of such operation of vehicles." (Emphasis added.) S.Rep. No. 1815, 86th Cong., 2d Sess. 1–2 (1960).

In passing this Act, the Congress took into consideration the conflicting interests among the District employees, the District itself, and the person who has suffered injury or loss as a result of such alleged negligent operation, S.Rep. No.

1815, at 2; and in balancing these various interests in favor of the employee, Congress sought to substitute the District as a party defendant in those suits in which an employee faced liability at the time the Act became law. There is no support in either the language of the statute or its legislative history for a contention that, to accomplish the statute's stated purpose, Congress contemplated making the District amenable to suit in cases where the accident occurred before the passage of the Act but in which no action was brought against the employee involved.

Absent a claim under the D. C. Employee Non-Liability Act, the plaintiff's case is governed by the law in the District of Columbia as it existed on the day of the accident—January 22, 1960. It can hardly be disputed that the defense of governmental immunity asserted by the District of Columbia government is an effective bar to a suit by the plaintiffs against the District under the stipulated facts of this case. The very statute upon which the plaintiffs exclusively relied in their complaint was enacted to overcome this segment of the long-standing common-law rule of sovereign immunity, which the Court of Appeals in this circuit has repeatedly held requires an Act of Congress to abolish, in whole or in part. See Urow v. District of Columbia, 114 U.S.App.D.C. 350, 316 F.2d 351, 352 n. 2. Ample case law in this jurisdiction likewise supports the proposition that the District government is immune from suit in a case arising out of the negligence of one of its employees in operating a fire truck on an emergency run. See Harris v. District of Columbia, 256 U.S. 650, 653, 41 S.Ct. 610, 65 L.Ed. 1146; District of Columbia v. May, 63 App.D.C. 10, 68 F.2d 755, 756, 757, cert. denied 292 U.S. 630, 54 S.Ct. 641, 78 L.Ed. 1484; Leas v. District of Columbia, D.C.Mun.Ct.App. 135 A.2d 462, 464.

In view of the Court's disposition of this particular ground, it is unnecessary to consider the additional grounds raised by the defendant in support of his motion.

For the foregoing reasons, the motion of the defendant, District of Columbia, for judgment notwithstanding the inability of the jury to reach a verdict is granted.

Counsel will prepare an appropriate order.