Frances M. GRAHAM, formerly Frances M. Frei, Administratrix of the Estate of Thomas F. Lundregan, Deceased, Appellant,

v.

Samuel GORDON, t/a Red's Sales and Service, Appellee.

No. 4197.

District of Columbia Court of Appeals.

Submitted May 6, 1968.

Decided June 10, 1968.

Jeremiah D. Griesemer, Temple Falls, Md., for appellant.

Milford F. Schwartz and Bernard M. Bordenick, Washington, D. C., for appellee.

Before MYERS, KELLY and FICK-LING, Associate Judges.

MYERS, Associate Judge.

In February 1963 Thomas F. Lundregan executed a promissory note for $2,520, payable to a local bank in monthly installments of $70, in connection with his purchase of an automobile from appellee, Samuel Gordon, who endorsed the note. Shortly thereafter Lundregan died and his daughter, appellant, was appointed administratrix of his estate. Neither the decedent nor the administratrix made any of the required monthly payments and, as a result, Gordon, as secondary obligor, was forced to assume them. After making payments to the bank totaling $1,722 appellee exhibited an authenticated claim to appellant for the face amount of the note and upon rejection of the claim filed suit to recover $2,520. Following a hearing, the trial judge ruled, *inter alia,* that appellee was entitled to recover only the amount he had actually paid and entered judgment in his favor for $1,722. We affirmed on other grounds. Frei v. Gordon, D.C.App., 215 A.2d 488 (1965).

Subsequent to our ruling, appellant again refused to make the monthly installments and appellee was obliged to pay the balance of the note, $798. On March 25, 1966, appellee exhibited an authenticated claim for this sum to appellant. She rejected it on April 21, 1966, and on June 10, 1966, appellee filed the present suit to recover the amount of the rejected claim. From summary judgment in appellee's favor, the administratrix appeals.

■ Since there were no issues of fact before the trial judge, disposition of the case by summary judgment was appropriate. Appellant contends, however, that summary judgment was awarded to the wrong party—that the judgment should have been rendered in her favor. She argues that the present suit against her, as administratrix, is barred by § 20–1318 D.C.Code (1967 ed.) [1] which provides:

> If a claim is exhibited against an * * administrator which he considers his duty to dispute or reject he may retain in his hands assets proportioned to the amount of the claim * * *. If, on a claim exhibited and disputed, the creditor or claimant does not, within three months after the dispute or rejection, commence a suit for recovery, he is forever barred. * * *

Appellant maintains that the money sought in the present suit is the same sought in the first suit and therefore the three-month statutory period began to run when she rejected, in January 1965, appellee's original claim for the full amount of the note.

■ If a legally authenticated claim is exhibited to an executor or administrator and he rejects it, his rejection sets in motion, the running of the three-month statute, quoted in part above, and any claim sued upon more than three months after rejection is barred. This short statute is an exceptional abbreviation of the general three-year statute of limitations and must be given a construction almost penal in strictness. Lewis v. Smith, D.C.Mun.App., 151 A.2d 188, 190 (1959); Kalis v. Leahy, 88 U.S.App.D.C. 166, 167, 188 F.2d 633, 634, cert. denied, 341 U.S. 926, 71 S.Ct. 797, 95 L.Ed. 1358 (1951). Thus, in applying this rule of strict construction, the courts have held, for example, that an administrator may not start the running of the short statute by rejecting a claim which has not been authenticated, Clawans v. Sheetz, 67 App.D.C. 366, 92 F.2d 517 (1937), even though such authentication can be nothing more than attestation of a claimant's signature before a notary; and that where the claim originally rejected is different in form from the claim sued upon, the short statute of limitations

---

1. This provision of the Code does not bar a suit against an heir or devisee individually. It merely bars a suit against an executor or administrator. Robinson v. Henderson, 145 F.Supp. 463 (D.D.C. 1956).

does not bar the suit. Robeson v. Niles, 7 Mackey 182, 18 D.C. 182, 193 (1889).

■ Appellee's claim in the present suit is distinct and different from the original one for $2,520, which was rejected by the administratrix and thereafter became the subject of the prior suit. That first claim represented the sum appellee anticipated he would have to pay in the event appellant continued to refuse to make the monthly installments called for by the note.

■ The Statement of Proceedings and Evidence in the earlier case reveals that the trial judge did not reject any part of appellee's claim on its merits. The trial judge did not award the full amount sought because at the time of trial appellee had paid only $1,722 of the face amount of the note, and his claim to the remaining $798

had not matured. While that suit is *res judicata* as to the validity of the contract underlying the note and the obligation of the Lundregan estate to pay the creditor bank, it did not determine that the administratrix was not liable to appellee for any future installments he might be required to pay as endorser of the note.

■ Appellee's second claim, in the amount of $798, which he seeks to recover in the instant suit, could not have been asserted until he paid the balance due on the note.[2]

As appellee's second suit was timely filed within the three months allotted and there is no dispute as to the obligation of appellant for the amount sought, summary judgment in appellee's favor was proper.

Affirmed.

2. At no time did the bank find it necessary to call the note before maturity because appellee recognized his secondary obligation as endorser and made the payments when the Lundregan estate failed to do so. Until the monthly installments came due and he paid them, appellee had no claim for reimbursement. After the decision in the first suit, he could have reasonably expected the administratrix to pay the balance of the note. Her failure to recognize this legal responsibility gave rise to the instant suit.