**DISTRICT OF COLUMBIA, Appellant,**

v.

**Sidney James FAISON, Appellee.**

**No. 5583.**

District of Columbia Court of Appeals.

Submitted May 3, 1971.

Decided June 29, 1971.

C. Francis Murphy, Acting Corp. Counsel, Richard W. Barton and Ted D. Kuemmerling, Asst. Corp. Counsel, for appellant.

No appearance for appellee.

Before HOOD, Chief Judge, and NEBEKER and YEAGLEY, Associate Judges.

HOOD, Chief Judge:

At the close of the government's evidence in a paternity proceeding, the trial court dismissed the case for insufficiency of evidence. The government appeals, contending that the trial court was in error in refusing to admit in evidence the testimony of the child's mother, then deceased, previously given by her at a preliminary hearing. Agreeing that such testimony was admissible, we reverse and remand for a new trial.

The pertinent facts are the following. Inez Pearson, as complaining witness, instituted a paternity action naming appellee, Sidney J. Faison, the father of her child. At the requisite preliminary hearing [1] the mother testified that she had engaged in sexual intercourse solely with appellee during the period when the child was conceived. Appellee was represented by counsel at this hearing who freely availed himself of his right to cross-examine. Following the pretrial death of the mother, the government moved to permit her testimony at the preliminary hearing to be used at trial. This motion was denied. At the subsequent jury trial, the court dismissed the case on the ground that the District had failed to present prima facie proof that appellee had sexual intercourse with the mother during the period of conception. This appeal followed.

■ Although a paternity action has been denominated a "quasi-criminal proceeding," it is, as this court has said, essentially a civil action. Johnson v. District of Columbia, D.C.App., 271 A.2d 563 (1970); Jackson v. District of Columbia, D.C.App., 200 A.2d 199 (1964); District of Columbia v. Turner, D.C.Mun.App., 154 A.2d 925 (1959).[2] The exact nature of the proceeding is, however, immaterial here since the principles governing admission at a criminal trial of the prior recorded testimony of a deceased witness also apply in a civil trial.[3]

In approving the use of the former recorded testimony given at a preliminary hearing in a criminal case by a witness who was present at trial but claimed lapse of memory, the Supreme Court, in California v. Green, 399 U.S. 149, 165, 90 S.Ct. 1930, 1938, 26 L.Ed.2d 489 (1970), outlined the following factors as controlling:

We also think that Porter's preliminary hearing testimony was admissible as far as the Constitution is concerned wholly apart from the question of whether respondent had an effective opportunity for confrontation at the subsequent trial. For Porter's statement at the preliminary hearing had already been given under circumstances closely approximating those that surround the typical trial. Porter was under oath; respondent was represented by counsel— the same counsel in fact who later represented him at the trial; respondent had every opportunity to cross-examine Porter as to his statement; and the proceedings were conducted before a judicial tribunal, equipped to provide a judicial record of the hearings. Under these circumstances, Porter's statement would, we think, have been admissible at trial even in Porter's absence if Porter had been actually unavailable, despite good-faith efforts of the State to produce him. That being the case, we do not think a different result should follow where the witness is actually produced.

■ Applying the standards of *Green* to the present case, it is clear that the testimony of the deceased mother was admissible. She testified under oath at a statutory prescribed preliminary hearing. The accused was present in court and represented by counsel—the same counsel who later represented him at trial. Through counsel the accused cross-examined the mother, and a verbatim transcript of the complete testimony was made by an authorized court reporter. The subsequent trial at which the mother's testimony was sought to be admitted into evidence concerned the same subject matter of the preliminary hearing and the same parties.

As the evidence sought to be introduced was of unquestioned materiality and proper for the jury's consideration, it was error for the trial court to refuse its admission. Accordingly we reverse the judgment and remand for a new trial.

---

1. D.C.Code 1967, § 16–2345.

2. *See also* D.C.Code 1967, § 16–2341 (Supp. IV, 1971).

3. 5 Wigmore, Evidence § 1401 (3d ed. 1940).

■ With respect to one aspect of the case we add the following. The ruling that the recorded testimony of the mother at the preliminary hearing was not admissible at trial was made prior to trial on a motion by the government that such testimony be ruled admissible. When the case came on for trial before another judge, he felt bound by the prior ruling of his fellow judge, although he made it plain that he thought the prior ruling was clearly erroneous.

The trial judge was in error when he held that he was bound as a matter of law by the prior ruling of his fellow judge. While it is highly desirable that a judge show respect for prior rulings made by another judge in the same case, and should not lightly depart from them, the ultimate responsibility rests on the judge to whom the case is assigned for trial on the merits. If the trial judge is strongly convinced, as was the situation here, that a preliminary or interlocutory ruling made by another judge was clearly erroneous, the trial judge is not bound to follow that ruling. In McNeill v. Jamison, D.C.Mun.App., 116 A.2d 160 (1955), citing Marks v. Frigidaire Sales Corporation, 60 App.D.C. 359, 54 F. 2d 974 (1931), we said:

> Long ago it was decided that interlocutory rulings do not settle the law of a case and are not conclusive or binding on the trial judge, who has the ultimate responsibility of deciding the case on the merits.[4]

Reversed with instructions to grant a new trial.

NEBEKER, Associate Judge (concurring):

To the extent that one might think a logical extension of the court's last remarks may carry over to some aspects of the criminal law, I hasten to add that interlocutory rulings on pretrial motions to suppress evidence fall into a somewhat different category. Consistent with statutory command,[1] the criminal rules of the Superior Court require that motions to suppress be made before trial.[2] Such timing is essential to the statutory right of appeal by the prosecution from grants of such motions.[3] This mandatory requirement is additionally intended to obviate the necessity of intratrial prosecution appeals under subsection (b) of D.C.Code 1967, § 23–104 (Supp. IV, 1971). Those appeals must be decided within 96 hours of adjournment of the trial for appeal. I conclude, therefore, that the latter general observation in the main opinion is not to be construed as permitting trial judges to inquire de novo into motions to suppress evidence previously ruled upon unless the defendant "was not aware of [new] grounds for the [second] motion." D.C.Code 1967, § 23–104(a) (2) (Supp. IV, 1971). Prior to this recent legislation, the concept was phrased somewhat differently. The "privilege" of reasserting a motion to suppress at trial is "sometimes accorded" the defendant "if 'new facts, new light on the credibility of government witnesses, or other matters appearing at trial * * * cast reasonable doubt on the pretrial ruling.'" McRae v. United States, 137 U.S.App.D.C. 80, 84, 420 F.2d 1283, 1287 (1969) *quoting* from Rouse v. United States, 123 U.S.App.D.C. 348, 350, 359 F.2d 1014, 1016 (1966).

In light of the new right of appeal by the prosecution under D.C. Code 1967, §

---

4. *See also* Castner v. First Nat'l Bank of Anchorage, 278 F.2d 376 (9th Cir. 1960) ; Naples v. United States, 123 U.S.App. D.C. 292, 359 F.2d 276 (1966) ; Bowman v. Udall, 243 F.Supp. 672 (D.D.C. 1965) ; Van Voorhis v. District of Columbia, 240 F.Supp. 822 (D.D.C.1965).

1. D.C.Code 1967, § 23–104(a) (2) (Supp. IV, 1971 states:

> "A motion for return of seized property or to suppress evidence shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion."

2. Superior Court Criminal Rules 12(b) (3), 41(g), 41–I(*l*).

3. D.C.Code 1967, § 23–104(a) (1) (Supp. IV, 1971).

23–104 (Supp. IV, 1971),[4] it would seem that while in trial reconsideration of suppression motions may still be appropriate in extreme cases, the statutory scheme contemplates greater finality to such pretrial rulings. This court can always review the correctness of a harmful pretrial denial of a motion to suppress, as well as whether new grounds for a second such motion were sufficiently presented during trial to raise the question again. Therefore, mere disagreement with a pretrial ruling on a motion to suppress should not lead a trial judge into concluding that this decision relegates that ruling to tentative or advisory status.

4. D.C.Code 1967, § 23–105 (Supp. II, 1969) also enlarged the prosecutor's right of appeal from suppression orders.

