974

## MARKS v. FRIGIDAIRE SALES CORPORATION.

### No. 5197.

Court of Appeals of District of Columbia.

Argued Oct. 13, 1931.

Decided Dec. 14, 1931.

GRONER, Associate Justice, dissenting.

Henry Gilligan, of Washington, D. C., for plaintiff in error.

Elwood Seal, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This case comes here by writ of error to the municipal court of the District of Columbia to review a judgment upon a verdict directed by the court in an action of replevin.

The plaintiff below, defendant here, sold a Frigidaire to the defendant below, plaintiff in error, upon a conditional sales agreement whereby title to the machine remained in the seller until it was fully paid for.

The machine having been delivered to the purchaser, and default in payment having oc-

curred, the seller brought its action of replevin for recovery of the machine; the purchaser pleaded a set-off based upon an alleged breach of warranty in the contract of sale, to which plea a demurrer was filed and sustained, with leave to file an amended plea.

An amended plea of set-off was filed, but does not appear in the record, and, while a motion to strike out this plea was granted in part, with leave to file a third amended plea, the record does not show a third plea.

At the trial, the plaintiff proved the conditional sales agreement, and default in payment thereunder, both of which were admitted by the defendant, who thereafter offered evidence in support of his claim of set-off.

This evidence the trial judge refused to receive on the ground that set-off is not a proper plea in replevin, and, the defendant standing on his offer, the court directed a verdict for the plaintiff for possession of the machine and one cent damages, for which judgment was thereafter entered.

Whereupon this writ of error was sought and allowed, and the record here presents two questions for decision.

I. Did the action of the motion judge on demurrer conclude the trial judge on the final hearing in respect of the plea of set-off?

To the first plea of set-off the plaintiff demurred, on the ground that the claim for damages arising out of an alleged breach of warranty in the conditional sales contract was not a proper plea in replevin.

The ruling of the motion judge on this demurrer sustained it, but his opinion on the question raised seems to have been announced to counsel by a letter, which was never filed in the cause, nor mentioned in the transcript of docket entries, but which finds its way into the printed record filed in this court.

From the proceedings in the trial court it appears that the motion judge who ruled on the demurrer and the trial judge who presided on the final hearing held different opinions as to the propriety of the pleas of set-off filed in this cause, as many other courts have differed on the same question.

And, while it is highly desirable and convenient that rulings on demurrers and other interlocutory matters should settle the law of a case as it proceeds, yet, when parties plead over and go to final hearing upon the law and facts, prior interlocutory rulings are not res adjudicata, as the plaintiff in error calls them, and are not conclusive on the trial judge who has the ultimate responsi-

bility, as the case is finally presented to the trial court for decision.

■ II. The second assignment of error is that the "court erred in overruling the plea of set-off setting forth damages sustained through the breach of the contract under which replevin proceedings were brought."

And here again the record is somewhat unsatisfactory, as it gives neither the text of the plea nor the portion thereof that was stricken out on motion, but whatever was left of it was treated by the court and counsel as attempting to set-off a money demand against the claim for possession of a specific chattel.

Such a plea, of course, had no place in the action of replevin at common law, and in the present practice is regulated by varying statutes in various jurisdictions interpreted by decisions indicating much difference of judicial opinion.

Here we have statutes which provide: *"What can be set-off.*—Mutual debts and claims under contract between the parties to a common-law action * * * may be set off against each other by plea in bar, whether said debts or claims be of the same or a different nature or degree, and whether the claims be for liquidated debts or unliquidated damages for breach of contract." Code, D. C. 1929, title 24, c. 17, § 411.

Our replevin statute (D. C. Code 1929, T. 24, § 398) also provides that a defendant may plead not guilty, in which case all special matters of defense may be given in evidence; or he may plead specially.

The conditional sales agreement in this case provides that, for any failure to pay any deferred payment when due, the entire unpaid balance shall become due and payable at once; that the seller does not relinquish title to the chattel, which shall not pass until the purchase price is paid in full, until which payment the equipment sold shall be and remain the chattel of the seller.

And the seller guarantees the machine against defective materials and workmanship for one year from the date of its delivery.

Our set-off statute permits such a plea in bar to mutual debts and claims under contract.

In the present case, the plea is not in the record, as it should be, and the amount claimed is not stated.

But a similar question was considered by this court in McGuire v. Gerstley, 26 App. D. C. 193, 204, where a plea of set-off was attempted in respect of an alleged wrongful persuasion of one copartner to terminate his partnership to the injury of other copartners.

In discussing our set-off statute the court said: "Liberal as this section is in permitting set-off, it embraces matters of contract only; and while unliquidated damages for a breach of the contract relating to the sale or warranty of the goods could be set off in an action by the vendors for their value, no damages for a mere tort, as is the case in this plea, can be so pleaded. Matters of mere tort are clearly not within the statute."

And in a similar connection the Supreme Court speaks of a mere tort, as one sounding in tort only, arising between parties who had never contracted together, as where one person had willfully or negligently introduced smallpox to another. Dushane v. Benedict, 120 U. S. 641, 648, 7 S. Ct. 696, 30 L. Ed. 810.

And the general trend of decision toward a liberal allowance of such pleading was long ago noticed with approval by the Supreme Court of the United States: "But however the rule laid down by the courts in England should be understood, it has repeatedly been decided by learned and able judges in our own country, when acting, too, not in virtue of a statutory license or provision, but upon the principles of justice and convenience, and with the view of preventing litigation and expense, that where * * * there has been a failure of consideration, total or partial, or a breach of warranty, fraudulent or otherwise, all or any of these facts may be relied on in defence by a party, when sued upon such contracts; and that he shall not be driven to assert them either for protection, or as a ground for compensation in a cross action." Withers v. Greene, 9 How. 213, 230, 13 L. Ed. 109.

Or as Mr. Justice Holmes expresses the thought as touching the optional and alternative character of pleading set-off: "The right to do so is of modern growth, and is merely a convenience that saves bringing another suit, not a necessity of the defense." Merchants' Heat & L. Co. v. James B. Clow & Sons, 204 U. S. 290, 27 S. Ct. 285, 286, 51 L. Ed. 488.

Here the parties had contracted together; the precise terms of their contract were admitted by both; the only evidence tendered by the plaintiff was the contract itself, with proof of its breach by nonpayment; both of which the defendant admitted, and attempted to justify by proof of the plaintiff's breach

of another provision of the same contract, which proof the court declined to admit.

That the defendant could have shown this in a separate action between the same parties, brought by him for the purpose, cannot be questioned.

But we are of opinion that a plea of set-off in these circumstances was within the meaning, the reason, and the purpose of the Code provisions; and consequently that it should have been considered by the court, and the defendant given an opportunity to prove it to the jury, if he could. Clement v. Field, 147 U. S. 467, 13 S. Ct. 358, 37 L. Ed. 244; Central Trust Co. v. Ice Machine Co., 77 Md. 202, 26 A. 493; Titan Truck Co. v. Richardson, 122 Wash. 452, 210 P. 790; Workman v. Warder, 28 Mo. App. 6; Millenson v. Lamp, 99 W. Va. 539, 130 S. E. 137, 48 A. L. R. 969 et seq.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.

Mr. Justice GRONER dissents.