DAVIS v. BOYLE BROS., Inc.

No. 908.

Municipal Court of Appeals for the District of Columbia.

Argued April 10, 1950.

Decided May 18, 1950.

John D. Fauntleroy, Washington, D. C., Everett L. Edmond, Washington, D. C., for appellant.

Mark P. Friedlander, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This is an appeal in an action for abuse of civil process wherein summary judgment was granted in favor of defendant.

The case was originally filed in the United States District Court for the District of Columbia. After denying defendant's motion to dismiss the complaint (urged on grounds not stated in the papers before us) that court under its statutory authority [1] transferred the case to the Municipal Court "for trial thereof, without prejudice." The Municipal Court, after considering the complaint and conflicting affidavits of plaintiff and defendant, granted, with leave to amend the complaint, a motion for summary judgment. From the resulting judgment in favor of defendant, plaintiff, Geneva E. Davis, appeals.

In the complaint and plaintiff's supporting affidavit the following facts are recited: Defendant corporation, without probable cause, previously filed an action in the Small Claims Branch of the Municipal Court wherein it was alleged that present plaintiff was indebted to present defendant for merchandise purchased at defendant's store. In that complaint present plaintiff was described as "Louise Davis, also known as Geneva Davis."

A United States deputy marshal attempted to serve present plaintiff at her office address where she was engaged in business as a partner in a firm of public accountants. In the presence of her employees and clients the deputy marshal asked for plaintiff as "Louise Davis or Geneva Davis." The plaintiff not being present on that day, the deputy marshal returned at a subsequent time and effected service in a similar manner. She had never before visited the store of present defendant, nor had she ever authorized anyone to pledge her credit, nor had she ever used an alias such as Louise Davis. After being served with process in the Small Claims action, she visited the

---

1. Code 1940, Supp. VII, 11—756.

store and informed an employee of defendant that a mistake in identity had been made. After some conversation, this employee acknowledged the mistake and promised present plaintiff that the Small Claims suit would be dismissed. Relying on these assurances, she did not appear to defend the Small Claims suit, whereupon defendant took judgment against her. Subsequently she filed a motion in the Small Claims Court reciting the above facts and alleging that the judgment against her had been taken fraudulently and that such judgment might be used to embarrass her social and professional standing in the community. The motion to set aside the default judgment was granted. Present defendant had the case continued and a trial on the merits was had, but defendant was unable to prove its case and thereupon took a voluntary nonsuit in the Small Claims action. Plaintiff alleged further that she had been humiliated, embarrassed and belittled before her employees and clients, had been forced to employ counsel to have the default judgment set aside and to defend at the subsequent trial, and that the abuse of process had been wrongful and reckless.

Plaintiff makes two assignments of error, the first that the trial court erred in entertaining defendant's motion for summary judgment after the previous motion to dismiss had been denied by the United States District Court. We do not agree with this contention.

The applicable statute, Code 1940, Supp. VII, 11—756(a), providing for the transfer of certain cases from the District Court to the Municipal Court reads in part: "The pleadings in such action, together with a copy of the docket entries and of any orders theretofore entered therein, shall be sent to the clerk of the said Municipal Court, together with the deposit for costs, and the case shall be called for trial in that court promptly thereafter; and shall thereafter be treated as though it had been filed originally in the said Municipal Court, except that the jurisdiction of that court shall extend to the amount claimed in such ac-

tion, even though it exceed the sum of $3,000."

In this jurisdiction it requires a final judgment to sustain the application of the rule of the law of the case.[2] Here the District Court's order was interlocutory. Furthermore, it is clear that the procedural rights and duties of these litigants were governed by Municipal Court rules from the time of filing of the case in that court. Municipal Court rule 51(b) provides that the defending party may move for summary judgment at any time. Defendant's motion for summary judgment, therefore, supported as it was by an affidavit, was different from the motion to dismiss in the District Court and the Municipal Court judge had the right and duty to consider and decide such motion.

Plaintiff's second assignment is that the trial court was wrong in granting defendant's motion for summary judgment. We have concluded that this was error.

Suits for abuse of civil process, under some circumstances called suits for malicious prosecution, have been the subject of innumerable decisions in various jurisdictions. According to 150 A.L.R. 899, "In what is at least a numerical majority of the jurisdictions, it has been held that an action of malicious prosecution will lie for the institution of a civil action maliciously and without probable cause, even though there has been no interference with the person or property of the defendant in the original suit and no special injury is shown." The law in this jurisdiction, however, has been established by three decisions of the United States Court of Appeals for the District of Columbia Circuit. Although some doubt upon the prevalence of the rule elsewhere was indicated in a later decision, the Court in Peckham v. Union Finance Co., 60 App.D.C. 104, 105, 48 F.2d 1016, 1017, held: "In our opinion the greater weight of authority in this country and the better reasoning support the view that no action will lie for the recovery of damages sustained by the prosecution of a civil action with malice, and without

2. United States v. U. S. Smelting, Refining & Min. Co., 1950, 339 U.S. 186, 70 S.Ct. 537; cf. Marks v. Frigidaire Sales Corp., 60 App.D.C. 359, 54 F.2d 974.

probable cause, when there has been no arrest of the person or seizure of the property of the defendant, and no special injury sustained, which would not necessarily result in all suits prosecuted to recover for like causes of action."

In Melvin v. Pence, 76 U.S.App. D.C. 154, 157; 130 F.2d 423, 426, 143 A.L. R. 149, the holding of Peckham v. Union Finance Co. was cited with approval, but it was also decided that "When malice motivates a groundless claim and results in special injury beyond what assertion of rights ordinarily entails, remedy is afforded. The right to litigate is not the right to become a nuisance. When the proceeding has no relation to protection of any right of the suitor or any public right which he reasonably may have a hand in vindicating, the reason for his protection fails and he must respond."

In Soffos v. Eaton, 80 U.S.App.D.C. 306, 307, 152 F.2d 682, 683, the court said: "But we have also said that 'the right to litigate is not the right to become a nuisance.' The burden of being compelled to defend successive unconscionable suits is not one which would 'necessarily result in all suits prosecuted to recover for like causes of action.' The burden increases in more than arithmetical proportion. As the dissenting opinion in the Municipal Court of Appeals points out, successive suits may even wear a defendant down to the point of capitulation. We see no good reason why the law should tolerate repeated abuse of its processes. To allow redress for such abuse will not seriously hamper the honest assertion of supposed rights. No one is likely to be deterred from litigating an honest claim by fear that some future jury may erroneously decide that he has brought *two* suits maliciously and without probable cause. We hold accordingly that one who twice sues another maliciously and without probable cause is responsible to him in damages. Appellant's complaint therefore states a claim upon which relief may be granted." (In Soffos v. Eaton, four successive suits were brought, although ostensibly by different plaintiffs, but it was alleged that all had been instigated by the same parties.)

It seems clear that the present action is based upon only one suit brought by present defendant against present plaintiff. Certainly it does not involve two suits. If the decision in Soffos v. Eaton is read literally, the trial court was correct. And yet the present action seems to us to involve what might be termed one suit plus. It involves something more than the usual suit brought maliciously and without probable cause which ordinarily is commenced, is defended, and possibly appealed. Here, according to the allegations of the complaint, the original suit not only was brought maliciously and without probable cause, but it was brought and served in an alternative name which present plaintiff had never used. Furthermore, an employee of the store (whose agency is not denied) acknowledged the error and promised that the suit would be dismissed. When this promise was broken and a default judgment taken and the default then set aside, present defendant nevertheless continued the action and only took a nonsuit when it had been unable to prove its case at a trial. A judgment was outstanding, for a while at least, against present plaintiff, and such a judgment is not an incident of an ordinary suit involved in this kind of claim.

The Restatement of the Law of Torts, Vol. 3, § 674, states the general principle as follows:

"One who initiates or procures the initiation of civil proceedings against another is liable to him for the harm done thereby, if

"(a) the proceedings are initiated

"(I) without probable cause, and

"(II) primarily for a purpose other than that of securing the adjudication of the claim on which the proceedings are based, and

"(b) except where they are ex parte, the proceedings have terminated in favor of the person against whom they are brought."

In comment under this general rule the Restatement is to the effect that in order to recover under the rule stated the plaintiff must prove something more than the mere fact that the civil proceedings have been in-

itiated without probable cause and for an improper purpose and have terminated in his favor. "He must show either material harm or the violation of a legal right which is in itself sufficient to support an action for damages." Among the latter are stated the imprisonment of the person against whom the proceedings are brought, the deprivation of his possession of land, chattels or intangible things, or the harm to his reputation assumed to result from the defamatory nature of the facts alleged as the basis of the proceedings against him. Among the material harms are the harm resulting from the interference with the use, enjoyment or vendibility of his land, chattels and intangible things, and the expenditures reasonably necessary to defend himself against the proceedings. The purpose, as has been often said, is to strike a balance between allowing free access to the courts for the vindication of rights without fear of a resulting suit, and the undue exercise of such right.

■ We are convinced that in the ordinary case the use of a so-called alias in the naming of a defendant in a suit is not actionable *per se*. Furthermore, the allegation of the making of a promise without the further allegation that the promise was made without the intention of keeping it is not grounds for a suit for fraud.[3] The facts alleged, therefore, probably would not support either a suit for libel or slander or one for fraud and deceit, and yet here, as we have stated above, a wrong person is alleged to have been sued and the suit was persisted in in violation of a promise and even after a default judgment was set aside. Under such circumstances, we believe that a cause of action was stated in the complaint and supporting affidavit although not, perhaps, most expertly drawn. In short, we believe that present plaintiff is at least entitled to a trial.

■ Our decision, of course, relates only to the motion for summary judgment. Defendant has filed an affidavit made by one of its employees who says that she is the one who talked at the store with plaintiff and that plaintiff did, in fact, purchase goods at the store and that neither she nor anyone else in behalf of defendant promised to withdraw the Small Claims suit. Such issues of fact furnish a typical case for trial and should not be settled on motion for a summary judgment except on a holding that plaintiff is not entitled to recover as a matter of law even though all of her allegations are found to be true. We hold, therefore, that the granting of the motion for summary judgment was error and that the action should be remanded to the court below for trial.

Reversed.

HOOD, Associate Judge (dissenting).

I am unable to agree with the opinion of the court. In Peckham v. Union Finance Co. and Melvin v. Pence, it was ruled that a civil action instituted maliciously and without probable cause does not lay the foundation for an action of malicious prosecution unless accompanied by arrest of the person, seizure of property or special injury. I do not understand that this rule was repudiated in Soffos v. Eaton, where the specific holding was "that one who twice sues another maliciously and without probable cause is responsible to him in damages." This court in today's decision holds that "one suit plus" is sufficient foundation for the action, and thus makes a new rule of law for this jurisdiction. My objection is not to its newness but to its indefiniteness. It seems to me that the rule announced today will force anyone filing a civil action to take his chance on defending an action for malicious prosecution because of some peculiar feature or turn of his case. No two law suits follow exactly the same pattern and I do not think a litigant or lawyer should be compelled to guess as to what may constitute the required "plus" within the meaning of the rule announced today by this court.

---

3. Restatement, Contracts, § 473; 37 C.J.S., Fraud, §§ 11, 12.