Julius H. REITER et al., Plaintiffs,

v.

UNIVERSAL MARION CORPORATION
et al., Defendants.

Civ. A. No. 2553–57.

United States District Court
District of Columbia.

April 23, 1959.

Robert L. Wright and Milton M. Gottesman, Washington, D. C., for plaintiffs.

Edmund L. Jones and Andrew T. Altmann, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

This is a motion by the defendants in a derivative stockholders' action for a stay of proceedings until the disposition of a similar suit brought by other stockholders of the same corporation and pending in the Supreme Court of the State of New York, New York County. This action is brought by minority stockholders of the Universal Marion Corpora-

tion in behalf of the corporation, for the purpose of redressing certain wrongs alleged to have been committed by the individual defendants against the defendant corporation.

This action was filed on October 11, 1957. Specifically, it challenges the validity of two transactions involving the defendant corporation and seeks to set aside the consequences of those two transactions. The first transaction that is being assailed is a purchase by the defendant corporation of certain capital stock of a corporation known as Merritt, Chapman & Scott Corporation. The second transaction that is questioned in this action is a purchase by the defendant corporation of certain assets of Southern Pipe & Supply Company. In each instance, it is charged that the price paid was excessive and that, therefore, the transactions, in effect, constituted a fraud upon the corporation.

A judgment for money damages in favor of the corporation is sought against the individual defendants who are claimed to have been majority stockholders of the defendant corporation and to have dominated the company and caused it to consummate these transactions, thereby deriving certain benefits for themselves and damaging the corporation. It is important to observe that the principal individual defendants, that is, the stockholders charged with misfeasance have not been served in this action although they are named as defendants and have never appeared. Apparently, they are not subject to the jurisdiction of this Court.

A short time prior to the institution of the action here involved, other stockholders of the defendant corporation instituted a similar action challenging the same transactions in the Supreme Court of the State of New York for New York County. That action was commenced on September 25, 1957, about two weeks or more prior to the institution of the action in this Court. Consequently, the New York Court first obtained jurisdiction of this controversy. Three other actions were filed in the Supreme Court of the State of New York for New York County, seeking similar relief at the behest of other minority stockholders. Eventually, all four New York actions were consolidated. All of the defendants appeared in the New York action so that the New York Court has jurisdiction of all of the defendants named.

On February 13, 1959, the parties to the New York action executed a settlement agreement settling and compromising the grievances of the corporation against the individual defendants. One of the terms of the proposed settlement is that the defendant corporation was to receive the Merritt, Chapman & Scott stock at a substantially lesser price than that at the original sale. In accordance with the New York practice, the proposed settlement may not be effectuated unless and until it is approved by the Court. Accordingly, on March 3, 1959, the New York Court made an order appointing a referee to conduct a hearing as to the fairness, reasonableness and adequacy of the proposed settlement.

The referee held hearings on the matter, after giving notice to all interested parties, on March 18 and March 20, of this year. At the conclusion of the session on March 20, the hearings were closed and decision reserved. It is stated by the parties that a decision and report of the referee is expected to be filed by him sometime during the week of April 26.

 Counsel for the plaintiffs in this action received notice of the hearing before the referee and was accorded an opportunity to be heard but, for reasons which he deemed sufficient, he declined to take advantage of the opportunity. The record indicates that the proposed settlement agreement is intended to settle the entire controversy involved in the New York action as between the corporation and the individual defendants. This is the same controversy that is involved in the action pending in this Court. In view of the imminence of the decision of the New York Court on the question whether or not the action in New York should be settled, as proposed,

it seems appropriate that the action in this Court should be stayed until the pending proceeding in New York is disposed of.

There are a number of reasons which lead the Court to that conclusion. It must be borne in mind that a derivative stockholders' action is brought for the benefit of the corporation. The minority stockholders sue in behalf of the corporation and as representatives of the corporation. The actual beneficial plaintiff in such a suit is the corporation itself. Both the New York action and the action in this Court are, therefore, brought for the benefit of the corporation and the plaintiff stockholders are merely the instruments for asserting the cause of action because the corporation is said to be under the domination of the offending stockholders. The situation is much the same as though the corporation brought several suits for the same relief against the same parties, one suit in this Court and another in the New York Court.

The New York suit was brought first and is about to come to a final conclusion. An examination of the complaints in the New York action and in the action in this Court indicates that, although the two pleadings are phrased differently because no two persons draw documents in the same phraseology, the transactions that are assailed and the relief prayed for are substantially the same. The claims for relief or the causes of action are, in effect, the same in both the New York and the District of Columbia suits. Obviously, since the corporation is the beneficial plaintiff in both suits, orderly procedure would require that there should be only one trial. The New York action was not only instituted first but is also coming to a final consummation prior to the District of Columbia suit.

So far as the individual defendants are concerned, even if they were guilty of oppression or fraud, they are, nevertheless, entitled not to be harassed by being required to try the same cause of action twice. If the cause of action is validly compromised in one action, it will affect all pending stockholders' action involving the same transactions. In order to make certain that the compromise, if any, that is consummated will be bona fide, fair, reasonable and adequate, it is subject to the approval of the Court in New York, which may not be given except after hearings have been held before a referee. *Finally, complete relief cannot be extended to the corporation in this action since the individual defendants against whom a money judgment is sought for the benefit of the corporation have not been served in this action and have not appeared here.* They are parties to the New York suit.

Since the hearings on the merits of the compromise have already been held and the referee is about to render his report to the Court and it is reasonable to assume that final hearing on the merits of the proposal will be held before the Court within a reasonable time, it would be improvident to proceed with the trial of the action in this Court until the New York proceeding is terminated, especially since, if the compromise is approved, the present suit will also fall as well as the New York suit. The Court has to consider not only the expense that would be caused to the parties involved by an unnecessary trial but also the unnecessary consumption of the time of this Court which could be accorded to other litigants. Obviously, however, the stay should be subject to the condition that the proceeding in New York should not be unreasonably delayed.

■ It is urged, however, in opposition to the motion for a stay that a prior motion for a stay has been made and denied. This contention merits serious consideration. At the outset, it must be noted, as a general principle of law, that in this Circuit an interlocutory ruling in a civil action does not constitute *res judicata* as concerns subsequent proceedings in the same action and the doctrine of the "law of the case" is not applicable to such an interlocutory order, Marks v. Frigidaire Sales Corp., 60 App.D.C. 359, 54 F.2d 974.

■■ To be sure, comity and orderly procedure require ordinarily that a judge

of this Court should follow a prior ruling of a brother judge in the same action. This principle, however, does not apply in the event of a substantial change in the situation in the case of an application for discretionary relief. An application for a stay may properly be denied at one stage of a litigation and yet, at a later stage, the situation may so change that a stay might be appropriate. While this Court would follow the prior ruling, if there were no change in the situation, it would not necessarily be bound by the prior ruling if there were a substantial alteration in the posture of the case when the present motion was made. Therefore, it is necessary to analyze the exact posture of the case at the time the prior motion was made and its posture at this time in order to determine whether there is a substantial difference in the situation, making it proper to grant a stay at this time in spite of the fact it has been previously denied.

Originally, on December 9, 1958, the motion for a stay, such as is asked here, was granted by Judge Tamm. He apparently felt that a stay was appropriate in view of the fact that the New York Court had first obtained jurisdiction of the controversy. At that time, it should be noted, however, the settlement agreement that has been heretofore mentioned had not been entered into and, for all that appeared, the New York action would have had to be tried in due course. The plaintiffs then applied to the United States Court of Appeals for the District of Columbia Circuit for leave to file a petition for a writ of mandamus against Judge Tamm, in effect, seeking an appellate review of the order made by Judge Tamm in which he granted the stay. On February 26, 1959, the Court of Appeals allowed the petition for leave to file an application for a writ of mandamus. Its decision was in a rather unusual form. No opinion was written. In form, the decision was a simple order but it was preceded by a long series of recitals that perhaps might be deemed to be findings of fact, conclusions of law or reasons for making the order or a combination of two or all three.

At the time when the order of the Court of Appeals came down, the settlement agreement had been entered into. Among the recitals contained in the order of the Court of Appeals is a statement that an examination of the document, that is, the stipulation of settlement, discloses a purported settlement of only one aspect of the transaction complained of in this suit in the District of Columbia. The Court of Appeals stated, after ordering that the petition for leave to file a petition for writ of mandamus be allowed, that "the Court assumed that the District Court, after consideration of the recitals in the order will, of its own motion, vacate its stay and proceed to a reconsideration of the matter upon the papers presented in the Court of Appeals and such additional materials as the parties may choose to lay before it, including developments subsequent to said order of December 5, 1958."

When the matter was remanded to this Court, Judge Tamm certified it to Judge McLaughlin who was then sitting in Motions Court and the matter came on for hearing before Judge McLaughlin. A transcript of the hearing before Judge McLaughlin indicates that Judge McLaughlin construed the recitals in the order as findings of fact and among such findings was one to the effect that the proposed settlement related to only one aspect of the transactions complained of in this suit. This was a reasonable inference to be drawn from the phraseology of the recitals. Accordingly, Judge McLaughlin denied the motion for a stay, principally because the proposed settlement in the New York action did not cover both of the transactions involved in the litigation. It should be observed that Judge McLaughlin's ruling was made on March 20, which was the very same day on which the referee in New York held his second and final hearing. It is reasonable to assume that the last mentioned fact was not before Judge McLaughlin.

Judge McLaughlin, as permitted by the recently enacted statute, 28 U.S.C.A. §

1292, authorized an interlocutory appeal from his order. On April 9, 1959, however, the Court of Appeals denied the application for the interlocutory appeal. In the order denying the application for appeal, it added the following significant provision:

"Nothing in this order or in this Court's order of February 26, 1959, shall be deemed to adjudicate or determine the question whether the 'Stipulation of Settlement' referred to in said order of this Court dated February 26, 1959, does or did include any or all of the transactions involved in said case."

The defendants then filed the present motion for a stay, which is now before the Court. It was filed on April 13, 1959. The situation here presented is entirely different from that which confronted Judge McLaughlin, in two respects. First, Judge McLaughlin inferred, as he had a right to do from the order of the Court of Appeals, that the Court of Appeals had adjudicated that the stipulation of settlement did not cover the entire controversy. The Court of Appeals, subsequently to Judge McLaughlin's decision, formally indicated, however, that the prior order should not be construed as such an adjudication or determination, and it left the question open. The second change in the situation, and a very significant one, is that the hearing before the referee on the merits of the proposed settlement has already been held and concluded and the referee's report is about to be filed. These facts were not before Judge McLaughlin and drastically change the situation upon which the Court has to determine the present application.

In the light of the considerations here discussed, the motion for a stay of all proceedings in this action is granted until the final disposition of the proceeding in the New York Court for the approval of the proposed settlement of the causes of action there involved, with leave to the plaintiffs to move to vacate the stay if the proceeding in the New York Court is not prosecuted with due dilligence.