273 F.2d 820
 107 U.S.App.D.C. 6
 Julius H. REITER et al., Appellants,
v.
UNIVERSAL MARION CORPORATION et al., Appellees.
Julius H. REITER et al., Petitioners,
v.
Honorable Alexander HOLTZOFF, Judge of United States
District Court for District of Columbia, Respondent,
Universal Marion Corporation, James Mullaney, E. B. Gerbert,
E. Cleveland Giddings, Alexander Rittmaster and Martin
Segal, Intervenors.
 Nos. 15146, 15237.
 United States Court of Appeals District of Columbia Circuit.
 Argued Sept. 23, 1959.
Decided Dec. 10, 1959, As Amended Jan. 25, 1960, Petition
for Rehearing Denied Feb. 2, 1960.
 
 Mr. Milton M. Gottesman, Washington, D.C., with whom Mr. Robert L. Wright, Washington, D.C., was on the brief, for appellants in No. 15146 and petitioners in No. 15237.
 Mr. Andrew T. Altmann, Washington, D.C., with whom Mr. George E. Flather, Jr., Washington, D.C., was on the brief, for Universal Marion Corp., appellee in No. 15146 and intervenor in No. 15237.
 Mr. Edmund L. Jones, Washington, D.C., with whom Mr. Frank F. Roberson, Washington, D.C., was on the brief, for Mullaney, and certain others, appellees in No. 15146 and intervenors in No. 15237.
 Before WASHINGTON, DANAHER and BURGER, Circuit Judges.
 WASHINGTON, Circuit Judge.
 
 
 1
 These cases relate to the efforts of a group of stockholders of the Universal Marion Corporation, organized under the laws of the District of Columbia, to maintain a derivative suit in the court of the District of Columbia while another derivative suit-- Angelo S. Esposito, et al., Plaintiffs v. Martin Segal, et al., Defendants (Index No. 13605/1957, Sup.Ct. N.Y., N.Y. Co.)-- filed at an earlier date against some of the same defendants by a different stockholder group but raising generally similar issues, was pending in the Supreme Court of New York, County of New York. The general background is described in Reiter v. Universal Marion Corporation, D.D.C.1959, 173 F.Supp. 13, in which case Judge Holtzoff granted a motion by the individual defendants for a stay of the derivation action pending in the United States District Court for the District of Columbia.
 
 
 2
 Our No. 15,237 is a mandamus petition filed by the District of Columbia stockholder group, appellants in our No. 15,146, to review the stay order issued April 28, 1959, by Judge Holtzoff as a consequence of the opinion reported in Reiter v. Universal Marion Corporation, supra. That order stayed all proceedings in the local derivative action pending disposition in New York of the Esposito case. Our No. 15,146 is an appeal from an order of the District Court entered also on April 28, 1959, by Judge Holtzoff, denying appellants' motion for a preliminary injunction to restrain Universal Marion Corporation and the other defendants from releasing the cause of action asserted in the local derivative suit through a proposed settlement in Esposito.[1]
 
 
 3
 On June 16, 1959, with the purpose (so far as was possible) to preserve our jurisdiction and to prevent the appeal in No. 15,146 from becoming moot, we temporarily enjoin defendants from releasing the claim.[2] Subsequently, on July 17, 1959, the New York court approved a settlement purporting to effect such a release.
 
 
 4
 Thereafter, the individual defendants-appellees in No. 15,146 moved in this court to dismiss that case as moot, to vacate this court's injunctive order issued June 16, 1959, and to remand the derivative action to the District Court. Respondent in No. 15,237 also moved to dismiss as moot. We heard argument on these motions, and on the merits.
 
 
 5
 The situation revealed at the argument was this: The defendants-appellees in No. 15,146 are faced with an order of the New York court which is contrary in its terms and effect to the obligation imposed on them by this court's injunctive order of June 16. The New York court has approved the settlement in the Esposito case, judgment has been entered, and the time for appeal has expired; but our injunction, among other things, forbade the appellees to implement the settlement.[3] Appellants do not claim that appellees took steps to procure or carry out the settlement after issuance of our injunction, and they do not contend that appellees are guilty of any contempt of our order. Further, our order did not require appellees to take affirmative steps to terminate the settlement proceedings in New York, nor is it clear that, even if such steps had been ordered, they could have been successful. Appellants themselves appear substantially to have abandoned that part of the motion for preliminary injunction which sought to enjoin appellees from performing whatever settlement was reached in Esposito. Counsel for appellants stated to us in open court that he would not object to performance by appellees of any monetary obligations imposed on them by the New York judgment, and that the benefits so received by the Corporation (if any) should in his view properly be applied to reduce any recovery which might ultimately be obtained in the District of Columbia suit. Accordingly, our temporary injunction,[4] which was expressly limited to the period of pendency of this appeal, should be vacated and the defendants-appellees should be permitted to comply with the judgment of the New York court.
 
 
 6
 Under the circumstances just described, it also seems to us that the New York settlement has rendered moot the questions presented in No. 15,146 and No. 15,237. By the terms of the District Court's stay order in No. 15,237, the stay was to last only so long as the New York proceedings continued. Since those proceedings have terminated we will dismiss as moot the petition in that case-- a step which will have the effect of restoring the appellants' derivative suit to the calendar of the District Court.[5]
 
 
 7
 With respect to No. 15,146: It is clear that a request for injunction becomes moot where circumstances so change that no remedy can be granted affecting the substantial rights of the parties. See Brill v. General Industrial Enterprises, Inc., 3 Cir., 1956, 234 F.2d 465; Ramsburg v. American Investment Co., 7 Cir., 1956, 231 F.2d 333, 336-339. Appellants' motion for preliminary injunction sought to enjoin 'the defendant, Universal Marion Corporation, its agents, servants, employees and attorneys, and all persons in active concert and participation with it * * * from making or performing any agreements, or engaging in any proceedings, which are intended to release or prejudice any rights or causes of action which * * * the plaintiffs herein are seeking to assert derivatively in this Court.'[6] To enjoin the 'making' of an agreement would now be futile because the Esposito judgment has as a practical matter replaced agreement. Similarly, no further proceedings of substance remain in New York to which an injunction might pertain, and appellants do not assert that proceedings are pending elsewhere outside the District of Columbia. Finally, appellants no longer press their request that performance of the settlement's monetary aspects be enjoined, and, in the strict sense, performance seems unnecessary with respect to the purported release.
 
 
 8
 True, where the precise remedy requested cannot be granted because circumstances have changed, incidental relief may still be afforded if the allegations warranting such relief have been sustained by proof on a final hearing. See United States v. Bates Valve Bag Corp., D.C.D.Del.1930, 39 F.2d 162 (collecting authority); cf. Barrett v. Denver Tramway Corp., 3 Cir., 1944, 146 F.2d 701, 702. Appellants urge that the settlement was 'inequitably obtained,' and ask us to rule that the New York judgment cannot be used as a bar to the further prosecution of their local derivative action. But such a request must be addressed to the District Court rather than to this court. It is not too late for the granting of such relief if the facts justify. See Breswick & Co. v. Briggs, D.C.S.D.N.Y.1955, 135 F.Supp. 397, and cases cited.[7] Indeed, any such application made prior to the final settlement might well have been regarded as premature since timely and presumably effective objection could always be made if and when the settlement should actually be offered in the District of Columbia proceeding as a bar to its further maintenance. See 69 Harv.L.Rev. 1501, 1502 (1956).
 
 
 9
 In dismissing a case as moot, an appellate court may vacate the orders or judgments below in order to avoid prejudice to a party. See Acheson v. Droesse, 1952, 90 U.S.App.D.C. 143, 197 F.2d 574; Note, 103 U.Pa.L.Rev. 772, 794 (1955). By so vacating and dismissing, we intend that the appellants, when the local derivative suit is restored to the calendar of the District Court, should not be precluded by any prior proceedings in cases now before us from asserting, inter alia, that the Esposito settlement was inequitably obtained, or from otherwise contesting the validity and effect of the Esposito settlement with respect to the local derivative action, or from urging that the issues in the two suits were not identical. Cf. Breswick & Co. v. Briggs, supra; Winkelman v. General Motors Corp., D.C.S.D.N.Y.1942, 44 F.Supp. 960, 1021. Accordingly, No. 15,146 and No. 15,237 are dismissed as moot, the orders under review in No. 15,146 and No. 15,237 are vacated, and our injunction of July 16, 1959, is vacated.
 
 
 10
 So ordered.
 
 
 
 [1]
 Appellant's motion was for a preliminary injunction 'enjoining defendant Universal Marion Corporation, its agents, servants, employees, and attorneys, and all persons in active concert and participation with it, * * * from making or performing any agreements, or engaging in any proceedings, which are intended to release or prejudice any rights or causes of action which the said defendant Corporation has itself refused to enforce and which the plaintiffs herein are seeking to assert derivatively in this Court.'
 
 
 [2]
 We ordered 'that the defendant-appellee Universal Marion Corporation and all other defendants herein be and they hereby are enjoined and restrained, pending final disposition of this appeal, from releasing, waiving or settling, or purporting to release, waive, or settle any claim in favor of said corporation asserted in the complaint herein or arising from the transactions described in said complaint, or from doing any act or thing in furtherance of or to implement any release, waiver, settlement or compromise hertofore or hereafter agreed upon. * * *'
 
 
 [3]
 Ibid
 
 
 [4]
 Our order was in terms designed to be in aid of our jurisdiction, pending appeal, within the meaning of the relevant exception contained in Section 2283 of Title 28 U.S.Code (1958). See also Wells Fargo & Co. v. Taylor, 1920, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205. In Toucey v. New York Life Insurance Co., 1941, 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, the Supreme Court refused to overrule the Wells Fargo case. And in Amalgamated Clothing Workers of America v. Richman Bros., 1955, 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600, all members of the court seemed to agree that Section 2283 codified the exceptions to old Section 265 of the Judicial Code prior to Torcey. See Moore, Commentary on the U.S. Judicial Code para. 0.03(49) at 411-14 (1949)
 
 
 [5]
 We express no opinion as to whether or not the District Court's stay order of April 28, 1959, was properly issued by that court in the first instance, or as to whether or not the District Court was correct in the findings and conclusions expressed in its opinion, cited above. We do not reach these matters, and do not intend to foreclose them by the action we are taking
 
 
 [6]
 See footnote 1, supra. Emphasis supplied
 
 
 [7]
 The plaintiffs-appellants did not request the District Court for relief of the Breswick type, and that court held no hearings on the subject. For this reason, if for no other, we deem it inappropriate to make any ruling on this phase of the case