588

Anne d'Arbeloff GUERRIERI, Plaintiff,

v.

Christian A. HERTER, Secretary of State, Defendant.

Civ. No. 777–60.

United States District Court
District of Columbia.

Sept. 14, 1960.

Leonard B. Boudin, New York City, and David Reim, Washington, D. C., for plaintiff.

Oliver Gasch, U. S. Atty., and Harold D. Rhynedance, Jr., Asst. U. S. Atty., Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action against the Secretary of State for a declaratory judgment and incidental relief to adjudicate that the plaintiff is a citizen of the United States and has not lost her nationality as a result of alleged expatriation.

The matter is presented at this time on cross-motions for summary judgment predicated on the administrative record of the Department of State, as well as affidavits and other similar material. None of the facts are in dispute. Both parties concede that there is no material issue of fact and that the litigation should be determined on the question of law, whether on the uncontested facts the plaintiff had become expatriated and thereby lost her citizenship.

The plaintiff was born in Switzerland on July 16, 1927. In 1939 at the age of 12, she was brought to the United States by her parents, who emigrated to this country at that time. On June 11, 1944, her father was naturalized as a citizen of the United States and the plaintiff thereby automatically acquired derivative citizenship. She lived in the United States continuously from her arrival in 1939 until March 1953, when she went to Europe to engage in activities relating to the theater and motion pictures. On October 7, 1953, she married a citizen of Italy. She continued to live in Italy but from time to time renewed her American passport at the American Consulate in Rome. She returned to the United States on February 2, 1956 and remained here until April 21, 1956—a period of almost three months. She then went back to Italy. Later she made another visit to the United States, which lasted from November 1 to November 24, 1957, and then again departed for Italy.

On July 8, 1958, the American Consul in Rome denied her application for a further renewal of her American passport and determined that she had become expatriated and had lost her citizenship by what he deemed to be a continuous residence abroad for over five years. His action was sustained by the Board of Review of the Department of State, which even denied her application for the issuance of a passport to travel to the United States to prosecute her appeal before the Board. Thereupon this action for a declaratory judgment was brought.

■■ It is well established that an action for a declaratory judgment under the general Declaratory Judgment statute, may be maintained to secure an adjudication that the plaintiff is a citizen of the United States, if a justiciable controversy exists as to that question, as is obviously the case here.[1] The special statutory proceeding, which is confined to a limited group of cases, does not supersede the general remedy, Tom Mung Ngow v. Dulles, D.C., 122 F.Supp. 709. A person claiming to be a citizen of the United States may not be finally deprived of his nationality by a determination of an administrative official, but may always have recourse to the courts. It is inconceivable that Congress could have intended anything else.

The pertinent statute on which this controversy hinges is 8 U.S.C.A. § 1484 (a) (2):

"(a) A person who has become a national by naturalization shall lose his nationality by—

  *   *   *   *   *   *

"(2) having a continuous residence for five years in any other foreign state or states, except as provided in sections 1485 and 1486 of this title, whether such residence commenced before or after the effective date of this chapter."

The Government contends that the plaintiff must be deemed to have had a continuous residence abroad for five

1. Perkins v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320; McGrath v. Kristensen, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173; Tom Mung Ngow v. Dulles, D.C., 122 F.Supp. 709.

years and hence has lost her nationality under the provisions of this statute.

The term "residence" as used in the foregoing provision is defined in 8 U.S. C.A. § 1101(a) (33), as follows:

"(33) The term 'residence' means the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent. Residence shall be considered continuous for the purposes of sections 1482 and 1484 of this title where there is a continuity of stay but not necessarily an uninterrupted physical presence in a foreign state or states or outside the United States."

It is important to note that the element of intent is expressly eliminated by the statute in determining whether the person under consideration is residing in the United States or in a foreign country. The question must consequently be described solely on the basis of external facts. The matters are, therefore, clearly susceptible to an adjudication on motions for summary judgment, if the salient facts are admitted or at least uncontroverted.

■ The definition of continuity contained in the second sentence of the statutory provision is somewhat vague and ambiguous. It requires a "continuity of stay" but not necessarily "an uninterrupted physical presence" in a foreign state. Under what circumstances an interrupted physical presence is consistent with a continuity of stay and how the two may be reconciled may be a perplexing and even a baffling problem. For the reasons later discussed, any doubt or uncertainty must be resolved in favor of the person who claims citizenship.

It is claimed by the plaintiff that her sojourn in the United States on two occasions, at one time of almost three months' duration, and another of almost one month, broke the continuity of her residence abroad and that, therefore, she is not affected by the expatriation statute.

On the other hand, the Department of State urges that her trips to the United States did not detract from what it contends to have been a continuous residence abroad for over five years.

■ When this action was originally filed, the plaintiff, in addition to claiming that she did not fall within the expatriation statute on the facts, also contended that the statute was unconstitutional. In view of this circumstance, plaintiff's counsel made an application, which came on to be heard before Judge Matthews of this Court, that a three-judge statutory court be convened. The Judge denied this application on the ground that no substantial constitutional question was presented, relying principally on the authority of Lapides v. Clark, 85 U.S.App.D.C. 101, 176 F.2d 619, and Mackenzie v. Hare, 239 U.S. 299, 36 S.Ct. 106, 60 L.Ed. 297. An application to the same effect was then made to the Acting Chief Judge of the Circuit, who held that the action of the District Judge in declining to convene a three-judge statutory court may not be reviewed in that manner. While in this Circuit the doctrine of "the law of the case" is not applicable to interlocutory rulings,[2] nevertheless, in the interest of orderly procedure and comity, it is desirable that a judge should ordinarily follow the prior rulings of another judge in the same case. This course will be pursued in this instance. It may be added that even if I felt free to consider the matter de novo, I would arrive at the same conclusion as that reached by Judge Matthews. Counsel for the plaintiff recognizing this situation, are not pressing the constitutional question at this time. Both sides request a determination on the merits, that is, whether the facts of this case bring it within the terms of the expatriation statute.

It is earnestly urged by able counsel for the Government that the plaintiff's visits to the United States did not affect the continuity of her residence abroad, because they were of comparatively short

2. Marks v. Frigidaire Sales Corporation, 60 App.D.C. 359, 54 F.2d 974.

duration and that, therefore, she must be deemed to have resided in a foreign country for over five years, and consequently has lost her citizenship. While this argument is not without weight, the Court is unable to agree with it.

■■ Once it is conceded or established that a person is a citizen of the United States, the burden of proof that expatriation has taken place is on the Government. This onus is heavier than that generally imposed on a party to a civil action. Expatriation must be established not by the ordinary preponderance of the evidence, but by proof that is clear, convincing and unequivocal.

Thus in Nishikawa v. Dulles, 356 U.S. 129, 133, 78 S.Ct. 612, 615, 2 L.Ed.2d 659, it was stated by Mr. Chief Justice Warren, that "when a citizenship claimant proves his birth in this country or acquisition of American citizenship in some other way, the burden is upon the Government to prove an act that shows expatriation by clear, convincing and unequivocal evidence."

Numerous other cases enunciate and apply the same principle. Among them are Gonzales v. Landon, 350 U.S. 920, 76 S.Ct. 210, 100 L.Ed. 806; Gonzalez-Jasso v. Rogers, 105 U.S.App.D.C. 111, 113, 264 F.2d 584; and Dulles v. Katamoto, 9 Cir., 256 F.2d 545, 547.

In this instance, the burden is on the Government to establish by clear, convincing, and unequivocal evidence that the plaintiff resided continuously in a foreign state or states for a period of five years. Since the admitted facts are that during the alleged five years' absence from this country, the plaintiff on two occasions sojourned in the United States for what might be deemed substantial periods, the Government has the additional burden of establishing that her stay in this country in 1956 and again in 1957, did not break the continuity of the plaintiff's residence abroad, Strupp v. Herter, D.C., 180 F.Supp. 440. Government counsel with commendable candor admit that it has no other evidence to adduce than that contained in the papers before the Court on these motions. No proof is submitted to show that these trips to the United States did not break the continuity of her foreign residence.

■ Citizenship of the United States is precious. It may not be lightly disturbed or destroyed. This doctrine is particularly applicable in those instances in which it is established that the person had lawfully acquired citizenship of the United States either by birth or naturalization and it is sought to deprive him of this status. Expatriation is a serious, solemn matter giving rise to grave and at times even disastrous consequences. It may not be inferred from dubious or inconclusive circumstances.

A case involving the question of law presented here, as well as similar facts, is Strupp v. Herter, D.C., 180 F.Supp. 440, 443, decided in the Southern District of New York by Judge Dimock, to which reference has already been made. The plaintiff in that case was born in Germany in 1882 and was naturalized as a citizen of the United States in 1928. Subsequently he lived in Argentina and Uruguay for a considerable period of time. In 1954 the American Vice Consul at Buenos Aires executed a certificate that the plaintiff had lost his nationality by expatriation as a result of continuous residence for five years in foreign states. The uncontroverted facts were that during the five year period preceding December 24, 1952, which was deemed the effective date of the loss of nationality, the plaintiff lived in Argentina and Uruguay, but had visited the United States on three occasions: from January 19 to April 17, 1949, i. e., three months; from January 5, 1951 to March 11, 1951, slightly over two months; and from June 4, 1952 to December 20, 1952, about 6½ months. The Court held that these trips to the United States had broken the continuity of the alleged five year residence abroad and explicitly concluded that the Government had failed to show continuity of stay in foreign states for five years. Accordingly the Court rendered

judgment declaring the plaintiff to be a citizen of the United States.

While here the periods of sojourn in the United States were of somewhat shorter duration, they were nevertheless also of substantial length. The principle of the Strupp case is clearly applicable. The learned judge in that case made the following significant comment:

"Here again the burden is upon the Government to show that, where plaintiff's residence was interrupted by three periods of presence in the United States aggregating almost a year, there was a 'continuity of stay' for five years within the meaning of the statute.

\* \* \* \* \* \*

" \* \* \* If the only interruptions of actual physical presence in South America were brief holidays or visits to a surgeon that might have indicated that continuity of stay was intended."

In the instant case, too, the visits to the United States were not merely brief holidays or short trips on a particular mission.

In the course of its discussion, the Court in the Strupp case made the following additional comments:

"The Government has the burden of proving that plaintiff 'resided' in a foreign state or states for five years and that such residence was 'continuous'."

■ Accordingly this Court concludes that on the admitted facts the Government in the instant case did not establish that the plaintiff continuously resided for five years in a foreign state or states.

Plaintiff's motion for summary judgment is granted, and the defendant's motion for summary judgment is denied. Judgment will be rendered declaring that the plaintiff has not lost her nationality as a citizen of the United States by reason of residence abroad and that she is a citizen of the United States.